## JESSIE R. BINGHAM v. HERMAN C. KOLLMAN, KANSAS CITY et al., Appellants.

### Division One, April 2, 1914.

1. **JUDGMENTS: County Courts: Presumptions of Validity.** A county court is a court of inferior jurisdiction, but its orders and judgments, made in the exercise of statutory powers conferred upon it, are entitled to the same favorable presumptions which are accorded in like cases to circuit courts, whether they arise from the recitals or silence of its records.  Its judgment vacating a street can be collaterally attacked only by pointing to some fact, recital or statement contained within the entire record of its proceeding which affirmatively shows it was without jurisdiction of the subject-matter or the persons concerned.

2. ———: ———: ———: **Vacating Street Petition.** By the Act of January 20, 1866, Laws 1865-6, p. 200, the county court of Jackson county was given power by the Legislature to vacate a street in the City of Kansas, and the petition, plat and notice being in compliance with the statutory prescriptions, it was not necessary that the names of the signers, comprising all the owners of the abutting property, should have been inserted in the body of the petition for a vacation of the street, it being sufficient that they were attached to it as petitioners, and that their names and the number of feet of land owned by each of them were set out and described in the plat which accompanied the petition and was referred to by it.

3. ——: ——: ——: ——:  **Necessary Parties:    City.** Neither was it necessary that the City of Kansas be made a party to the proceeding to vacate the street.    The owners of the property abutting on the street were the only necessary parties.

4. **TITLE TO ACT:    To Vacate Street.**  The title to an act in the words, "An Act providing for the vacation of streets, alleys, public squares and grounds of towns· and cities," was sufficient. for an act authorizing the county court to vacate a street, etc.

5. **VACATION OF STREET:    Consent of Property Owners: Acknowledged Before Notary Instead of Justice.**  Where the statute declared that no vacation of the street should be decreed. by the county court unless the owners of two-thirds of the abutting property consented thereto in writing acknowledged. before a justice of the peace, an acknowledgment of such written consent before a notary public will not be held invalid,. since under the then statutes acknowledgments of instruments· affecting real estate could be made before notaries public, and. the party claiming title to the vacated ground is shown to have· been in possession for ten consecutive years, and any defect in the acknowledgment does not prejudice her rights.

6. ——:  **Implied Power of City.**  The grant of the power to vacate a street must be in express terms or· by necessary implication, and no such grant was made to Kansas City until the charter of 1908, but it had previously been given to the county court of Jackson county by the Act of 1866.

7. ——:  **By Continued User.**  Whether or not the strip of ground was dedicated to public use by continued user was a question of fact for the trial court, and its finding is accepted on appeal.

8. **TAX DEED:    Land Subject to Taxation.**  By the express provisions of the charter of Kansas City a deed executed by the proper officer in the sale of land for taxes is prima-facie evidence that the real property conveyed was subject to taxation for the year stated in the deed.

9. ——:  **Sale of One Tract Each Day.**  A statement in the tax deed that "one tract or parcel of land was sold each day" is prima-facie evidence of its truth.

10. ——:  **Certificate of Sale:    Recital in Deed.**  Where the tax deed is a literal copy of the form contained in the charter of Kansas City, it is sufficient, whether or not it contains a recital that a certificate of purchase had been issued to the purchaser at the tax sale.

11. **QUIETING TITLE:** Multifarious Petition. A defendant who claims the whole tract of land cannot be heard to complain that plaintiff's petition to ascertain and determine the title is multifarious.

Appeal from Jackson Circuit Court.—*Hon. R. B. Middlebrook*, Judge.

Affirmed.

*Frank Titus, John G. Park, A. F. Evans, F. M. Hayward, Inghram D. Hook* and *A. F. Smith* for appellants.

(1) The order of June 4, 1878, by the county court of Jackson county declaring vacated as a public street Tracy avenue from Independence avenue south to Sixth street, in Kansas City, is insufficient as matter of law as shown by the proceedings of said court in evidence, to destroy such street or abrogate public right thereto. (a) Said county court is not shown to have had jurisdiction of the subject-matter. The proceedings were had under the act approved January 30, 1866, Laws 1865-6, p. 200. The petition here in question sought the vacation of a small portion about 500 feet in length of a city street itself more than a mile in length. Such petition failed to comply with the provisions of section 1 of said act in omitting to name and set out therein the names of the persons to be affected by such vacating. Compliance with the statute required the name of the City of Kansas, among others, to be inserted in any application for vacating a city street, it being directly and manifestly affected. The city was omitted to be named therein. Such omission rendered the proceedings radically defective. There is no record entry or other proper evidence showing due and lawful public notice of the pendency of the petition before said county court—the statute, section 1 of the act aforesaid—

requiring, in lieu of newspaper publication, the setting up of notices in writing as to such pendency, and the nature of such petition in three of the most public places in the City of Kansas. A county court being a tribunal of limited jurisdiction, it is required that all facts showing jurisdiction both as to the persons and subject-matter to be affected must affirmatively appear, to sustain property rights based on an act of such court. St. Louis v. Alexander, 23 Mo. 483; Woolcot v. Lawrence Co., 26 Mo. 272; Steines v. Franklin Co., 48 Mo. 167; Valle v. Fleming, 19 Mo. 454; Reardon v. St. Louis Co., 36 Mo. 555; Bauer v. Franklin Co., 51 Mo. 205; Saline Co. v. Wilson, 61 Mo. 237; Butler v. Sullivan Co., 108 Mo. 630; Moss v. Kauffmann, 131 Mo. 429; Sturgeon v. Hampton, 88 Mo. 213; State ex rel. v. Madison Co. Ct., 136 Mo. 326; Corrigan v. Morris, 43 Mo. App. 456; Drainage Dist. v. Dandt, 74 Mo. App. 586. The Act of January 30, 1866, as it makes no mention in its title of the extraordinary extension given in the body of the act to the jurisdiction of the county court, should be held void as to that feature of the law. Kansas City v. Payne, 71 Mo. 159; State v. Coffee Co., 171 Mo. 642; State v. Bixman, 162 Mo. 69; State ex rel. v. Marion Co. Ct., 128 Mo. 427; State v. Persinger, 76 Mo. 346; Witzman v. Railroad, 131 Mo. 612; Williams v. Railroad, 233 Mo. 666; State ex rel. v. Dist. Co., 237 Mo. 103. (b) County courts possess neither common law nor equity jurisdiction. Such jurisdiction as they have is exclusively statutory in character. No power is vested in these courts by implication. Coil v. Pitman's Admr., 46 Mo. 52; Jefferson v. Conan, 54 Mo. 234; Saline Co. v. Wilson, 61 Mo. 237; Sturgeon v. Hampton, 88 Mo. 211; Railroad v. Hatton, 102 Mo. 45; State ex rel. v. Madison Co. Ct., 136 Mo. 323. And where a county court is without jurisdiction of the subject-matter, its judgments are attackable collaterally. Fithian v. Monks, 43 Mo. 502;

Iba v. Railroad, 45 Mo. 469; Allen v. Scharringhausen, 8 Mo. App. 229; York v. Roberts, 8 Mo. App. 140; Gideon v. Hughes, 21 Mo. App. 528; Freeman on Judgments (4 Ed.), secs. 525-7; Black on Judgments (2 Ed.), sec. 936; Adams v. Cowles, 95 Mo. 507. The records of the county court in evidence in this case fail to show any sufficient notice of the proceedings for vacation. State v. Brown, 130 Mo. App. 214; Frizell v. Rogers, 82 Ill. 109; 2 Black on Judgments, sec. 875; Hayward v. Guilford, 69 Mo. App. 4; Burns v. Railroad, 15 Fed. 177-183. There is nothing in the record or files of the proceeding showing that such alleged notice contained any statement as to what the petition prayed for, or the nature of the order or judgment sought thereby; nor any facts whatever disclosing anything as contained in such notice. Nor are the locations or situations mentioned which the constable may have considered three of the most public places in said city. (2) The City of Kansas was a necessary party to any proceeding seeking vacation of public streets within the city; and aside from other considerations the lack of its assent to the vacating of Tracy avenue here questioned, renders the alleged vacation void. (a) The sole and exclusive power over land used and dedicated for streets in said city, as well as absolute and exclusive control thereover, that is, the right of directing, regulating, or limiting in any degree the use or non-use by the public of such highways, was on June 4, 1878, vested by its charter in the common council of this city. Laws 1875, p. 204, sec. 1, par. 7. (b) And to divest such public use, dominion, and control by the city due process of law must be invoked, and the city given its day in court. Fithian v. Monks, 43 Mo. 502; Glasgow v. St. Louis, 87 Mo. 678; Higgins v. Peltzer, 49 Mo. 152; Glasgow v. St. Louis, 107 Mo. 198; State ex inf. v. Henderson, 145 Mo. 329; Elliott on

Roads, 661. (c) The common council of Kansas City at the time of the order of vacation by the county court possessed solely the power to ordain as vacated a duly dedicated public highway within the limits of such corporation. And this under the powers special and general conferred in its legislative charter. Sugar Co. v. Grain Co., 82 Mo. 121; Aldridge v. Spears, 101 Mo. 400; Railroad v. Springfield, 85 Mo. 674; Glasgow v. St. Louis, 107 Mo. 198; Brown v. Railroad, 137 Mo. 529; Speigel v. Gansberg, 44 Ind. 418; Hinchman v. Detroit, 9 Mich. 103; Kettle v. Fremont, 1 Neb. 329; Elliott on Roads & Streets, pp. 661, 664; 2 Dillon, Mu. Corps. (4 Ed.), sec. 666. (3) Even if Tracy avenue from Sixth street to Independence avenue had never been improved, graded, or paved by the city; such fact does not constitute an abandonment of the street, nor of the municipal rights of the city at large. St. Louis v. Railroad, 114 Mo. 13; Baughman v. Folwell, 156 Mo. App. 227; O'Hara v. Laclede Co., 131 Mo. App. 428; Roanoke Co. v. K. C. Co., 108 Mo. 50; Reilly v. City, 51 Wis. 526; Columbia v. Bright, 197 Mo. 714. And continuous use by the public of land dedicated as a highway is evidence of acceptance of the dedication by the proper authority. Benton v. St. Louis, 217 Mo. 687; Meiners v. St. Louis, 130 Mo. 274; McGrath v. Nevada, 188 Mo. 102; Otterville v. Bente, 240 Mo. 291. (4) And the acts of city officials in listing for taxation a portion of a public street on the city books as taxable private property and making deeds therefor, lacking ordinance or other sufficient authority therefor, were *ultra vires* and void. St. Louis v. Gorman, 29 Mo. 593; St. Louis v. Railroad, 114 Mo. 13; Kansas City v. Hyde, 196 Mo. 498; Wright v. Doniphan, 169 Mo. 601; Peters v. St. Louis, 226 Mo. 62; Brightwell v. Kansas City, 153 Mo. App. 519; Railroad v. Illinois, 146 U. S. 453; 1 Dill. Mun. Corp. (4 Ed.), sec. 383, p. 457; State ex rel. v. Lesser, 237 Mo. 310. No

evidence was offered by plaintiff at the hearing of this cause that the common council of Kansas City had levied any tax on this land. No evidence was offered by plaintiff showing that the land in question had ever been claimed by the state authorities as subject to taxation for state purposes, or that it was ever assessed for such purposes, lacking which, the alleged facts upon which plaintiff's claim rests is presumptively and on its face void. Under said section of the charter quoted, the burden was also on plaintiff to prove that the portion of Tracy avenue claimed by her in this case was not exempt by general law from taxation. Such fact was not proved. Hence a presumption arises that this land was free from any tax levy by the city, and that it was exempt from municipal taxation at the date claimed by plaintiff. State ex rel. v. Lesser, 237 Mo. 310; Kansas City v. Hyde, 196 Mo. 507. The tax deeds, put in evidence by plaintiff, and upon which the trial judge based his judgment for plaintiff, were invalid not only upon the grounds previously stated herein, but for the reasons following: The land claimed as conveyed by said deeds is described as "part of vacated Tracy avenue," no names of owners being stated therein. In the trial court's opinion it is said that after the vacation of the street the "title to the property described in plaintiff's petition reverted to the abutting proprietors." If such reversion of title occurred, then plaintiffs should have proved assessments against the proprietors, owners of such lands after June 4, 1878, and during the years of 1903 and 1904, which plaintiff failed to do. The deed under which plaintiff claims recites that the tax sale was begun on the first Monday in November, 1903, being the 2d day of the month, and continued from day to day for four days to November 6, 1903; but such deed omits to state as performed, the only act authorizing or permitting a continuance or adjournment

from the first Monday being the 2d day of the month, namely, a sale each day of not less than one tract or parcel of land. The fact of such daily sale not appearing in the deed renders the deed void on its face as the power to sell at a succeeding date depends wholly thereon. Meriwether v. Overly, 228 Mo. 218. Nor is there any evidence in the case that any certificate of such purchase was recorded in the same manner that other deeds or conveyances of land are required to be recorded in Missouri. The manner, mode or method of recording deeds to land in this state is by copying into the public records a true transcript thereof. Gatewood v. House, 65 Mo. 663; Anderson's Law Dictionary, p. 863. (5) The petition in this case is multifarious and not proper pleading under Sec. 2535, R. S. 1909, none of the fifty-one defendants sued herein having or being alleged as having, any contestable estate in that portion of Tracy avenue here sued for except Kansas City and the defendants Ford. Chaput v. Bock, 224 Mo. 73; Pemiston v. Pressed Brick Co., 234 Mo. 698; Gardner v. Robertson, 208 Mo. 605; Utterback v. Meeker, 16 Wash. 185.

L. A. Laughlin for respondent.

(1) The proceedings to vacate the street were taken pursuant to a law enacted in 1866, Laws 1865-6, p. 200. (a) The petition is accompanied by a plat, which is referred to and made a part of the petition. This shows the names of all owners of property to be affected by vacating the street, and, taken together with the petition, shows that all owners of property affected signed the petition. Insurance Co. v. Jones, 89 N. E. (Ind.) 871; Houpt v. Dutton, 170 Ind. 69. (b) The name of the City of Kansas is not inserted in the petition. There is no such requirement in the statute. The city did not own the street. The only persons who had property rights to be affected by the

vacation were the owners of the adjoining property. Henderson v. Lexington, 111 S. W. (Ky.) 318, 22 L. R. A. (N. S.) 20; County Court v. Armstrong, 34 W. Va. 326; In re Albers, 113 Mich. 640; Callaway Co. Ct. v. Round Prairie Twp., 10 Mo. 679; Realty & Inv. Co. v. Deere & Co., 208 Mo. 66. Furthermore, a proceeding to vacate a road is a proceeding *in rem* in which it is not necessary to name adverse parties. In re Jamieson, 130 N. W. (Minn.) 1000; Haynes v. Lassell, 29 Vt. 157. (c) The order of the county court recites that notice was given by setting up written notices in three of the most public places in the City of Kansas. This was sufficient. Latimer v. Tillamook Co., 22 Ore. 291. The altering, widening, vacating and laying out of roads are not an exercise of judicial powers, and hence it is not sound law to say that no presumption will be indulged in favor of the validity of such proceedings. Shields v. Ross, 158 Ill. 214; New London v. Davis, 73 N. H. 72. In proceedings by petition to the common council of a city to discontinue a portion of a street it is in the discretion of the council to determine as to the public convenience and necessity of such discontinuance, and where there has been no glaring informality or illegality in the proceedings their judgment should not be disturbed. Smith on Modern Law of Mun. Corp., secs. 1283-4; Pittsburg v. Mayor, 79 Me. 71; Canady v. Lumber Co., 120 Pac. (Idaho) 830. But if it be held that the proceeding is judicial in this state, then the order of the county court has the force and effect of a judgment, and the finding of fact that notice was given as required by law is not open to collateral attack. State ex rel. v. Fleming, 147 Mo. 1, 158 Mo. 558; Weber v. Lane, 99 Mo. App. 69; Kayser v. Trustees of Bremen, 16 Mo. 90; State ex rel. v. Weatherby, 45 Mo. 17; State v. Evans, 83 Mo. 319; Macey v. Stark, 116 Mo. 494; Haynes v. Lasell, 29 Vt. 157. (d) The claim that the county court is limited

in its jurisdiction to county business is not the construction placed upon its powers by this court or the Legislature. Judicial power is vested in county courts by Constitution 1865, art. 6, sec. 23. Benton Co. v. Morgan, 163 Mo. 661. The plenary power of the Legislature over streets and highways is such that it may, in the absence of special constitutional restrictions, vacate or discontinue them, or invest a subordinate political subdivision with that authority. Meyer v. Teutopolis, 131 Ill. 552; Brook v. Horton, 68 Cal. 554; Cooper v. Detroit, 42 Mich. 584; Whitsett v. Union Depot & R. Co., 10 Colo. 243; McGee's Appeal, 114 Pa. 470; Brazelle v. Seattle, 55 Wash. 180; Railroad v. Ables, 153 Ala. 523. (2) Appellants claim a dedication of the street by public user. It is sufficient to say that on this point the court found, as a matter of fact, that there was no such dedication. This finding of facts is conclusive on this appeal. Allen v. Jones, 50 Mo. 205; Twiss v. Hopkins, 50 Mo. 398; Holden v. Vaughan, 64 Mo. 588. This being a statutory proceeding, it was tried below as an action at law. Mason v. Barnard, 36 Mo. 384; Riley v. McCord, 24 Mo. 265; Fithian v. Monks, 43 Mo. 502; Hudson v. Wright, 204 Mo. 412. The evidence showed that the sidewalk and curb on the south side of Independence avenue and the wall of rock and earth in the rear of the strip made it impassable for vehicles. Mere foot paths over it is not sufficient evidence of public user. Cheney v. King Co., 130 Pac. (Wash). 893. (3) (a) By Sec. 58, art. 5, Kansas City Charter of 1889, the tax deed is made prima-facie evidence "that the real property conveyed was subject to taxation for the year or years stated in the deed; that the real property conveyed had been duly assessed for the year or years named in the deed; that the taxes were levied according to law." (b) The statement in the tax deed that, "said sale was continued, and publicly held

from day to day up to and including the sixth day of November, 1903,'' is sufficient. Sullivan v. Donnell, 90 Mo. 278; Lynch v. Donnell, 104 Mo. 519; Meriwether v. Overly, 228 Mo. 236; Hill v. Attebury, 88 Mo. 114; Roth v. Gabbert, 123 Mo. 21.   (c)  The statutory form (Sec. 58, art. 5, Kansas City Charter of 1889) is literally followed in the deed as to the certificate of purchase.  This is sufficient.  Black on Tax Titles (2 Ed.), sec. 403; Williams v. Sands, 251 Mo. 147.  Sec. 47 of the same article provides, that ''such certificate of purchase shall be assignable, and an assignment thereof shall vest in the assignee all the right, title, and interest of the original purchaser.''   Sec. 58 further provides, that ''the tax deed shall be prima-facie evidence'' that ''the certificate of purchase had been duly assigned to the grantee.''   (5)  It appears from the evidence in the record that defendants, Ford, claim title to the whole of the strip.  This being the case, the objection that the petition is multifarious could not be made by them.  Boggess v. Boggess, 127 Mo. 305.

## STATEMENT.

This is a suit under section 2535, Revised Statutes 1909, to quiet title.  The land in dispute is thirty by one hundred and twenty feet, and is a part of what was originally known as George street, as laid out and dedicated in 1858 by Joseph C. Ransom and others in a subdivision of lots and public highways made by them in the city of Kansas, now Kansas City.  The strip of land in dispute runs north and south and intersects at right angles with Independence avenue, now Admiral boulevard.

Plaintiff alleges that she is the owner in fee in said lands under a purchase of the same when sold by Kansas City for taxes for the years 1903 and 1904. That defendants, Kansas City, Alfred G. Ford and Elizabeth Ford and a number of other persons made

defendants, claim some title; wherefore, the petition prayed the court to define and adjudge the respective titles of the parties to said land. The defendant Kansas City answered separately, averring that the real estate is a public street. Defendants A. G. and Elizabeth Ford answered denying that the statements of the petition showed that the land was individually owned or subject to taxation, or that plaintiff's purchase thereof for due taxes was in accordance to law. Averring that there was a misjoinder of all the defendants except Kansas City and Alfred Ford and wife. Pleaded the Statute of Limitation for ten years. Admitting that the land sued for is a street in Kansas City. Averring that said defendants were owners in fee of the tract subject to the easement of said city. Averring that plaintiff was without title because her muniments of title were void. There is no substantial dispute to the following facts:

In 1858, Joseph C. Ransom and others platted certain lands belonging to them as "Ransom and Tally's addition to Kansas City, Missouri," which plat was duly acknowledged and recorded, and showed the dedication of George street (now Tracy avenue) thirty feet wide, extending north and south the length of the addition, as a public street. At right angles to this street was laid off on the plat two other streets, now known as Admiral boulevard and Independence avenue. When Independence avenue was graded by the city up to Tracy avenue, the surface of the latter was left fifteen or twenty feet above the grade of Independence avenue, making Tracy avenue impassable. Thereupon on the thirtieth day of April, 1878, the owners of the property on both sides of Tracy avenue for its full length, petitioned the county court of Jackson county to vacate that part of Tracy avenue lying between Admiral boulevard (then Sixth street) and Independence avenue, for the reason that the heavy cutting required

would greatly damage their property. Thereafter at the June term, 1878, the county court acceded to the request of its petitioners and declared said property of Tracy avenue vacated as a public street and described in its judgment boundaries of said street so vacated. This petition was accompanied by a plat referred to and made a part thereof, and which showed the names of each owner on both sides of the street and the number of feet of ground owned by him, to be the same as the signers of the petition. The consent in writing of the owners of more than two-thirds of the property adjoining the street to be vacated was acknowledged before a notary public and filed for record in the recorder's office. The decree of the county court recited these facts and also that notice of the pendency of the petition to vacate the street was given for thirty days before the first day of the June term by written notices set up in three of the most public places in the City of Kansas, now Kansas City.

After the vacation of Tracy avenue, the city assessed the vacated street for taxes as private property, and has continued so to assess it up to the present time. The title of the plaintiff rests upon two tax deeds. One tax deed is for the taxes of 1903 and conveys the west half of the strip. The second tax deed conveys all the strip for the taxes of 1904. The latter deed is fortified by two deeds made to correct the error of leaving in the words, "Adjourned sale," which appeared in the original deed. One deed of correction is made by the city treasurer in office at the time the deed of correction was made.

The defendants Ford claim title to the land abutting on both sides of the vacant street under a deed from Joseph Moss and wife dated September 24, 1893, this deed purported to cover the land east of the strip, and under a deed from Frederick R. Emberic dated May 20, 1907, purporting to convey the land lying on

the west side of the strip. There was testimony tending to prove that Independence avenue where it abuts on this vacated strip, has a sidewalk and curb in front of this strip, and there is no travel over this strip except by pedestrians who have used it as a footway for fifteen or sixteen years.

The trial court found that the plaintiff had a fee simple title to the whole strip and defendant had no title or interest in the same. From that judgment defendants Kansas City, Alfred Ford and Elizabeth Ford have appealed to this court.

## OPINION.

### I.

BOND, J. (after stating the facts as above).—It is conceded by both parties and the facts show, as stated in the brief by counsel for appellant, "that the crux of the case for this court is: Was Tracy avenue between Sixth street and Independence avenue lawfully vacated by the county court in June, 1878?" Consequent to the solution of that question another inquiry might arise, whether the defendants Ford, who deraigned title from certain persons who joined in the petition to vacate the strip in controversy, are thereby estopped from questioning the validity of the vacation?

Defendants make several objections to the judgment of the county court upon the assumption that it is open to collateral attack since that court is one of limited and inferior jurisdiction, and according to appellants' notion, the facts necessary to sustain its jurisdiction must *affirmatively* appear in its record. That is an incorrect conception of the law as it now exists, relating to the force of the judgments in county and probate courts. The jurisdiction to vacate streets was conferred upon the county courts by the act of the Leg-

islature approved January 30, 1866. [Laws 1865-6, p. 200.] This act provided that persons interested in any town or city property may petition the county court describing the property to be vacated and giving names of the persons to be affected; the petition to be filed thirty days before the next sitting of the court. That notice shall be given for the same space of time by publication or posting in three of the most public places in said town or city. That if no opposition is made vacation may be ordered, but if opposition arises the application shall be continued to the next term of court, in which event, it points out the procedure. The act further provides that no vacation shall be decreed unless the owners of two-thirds of the adjoining property consent in writing, acknowledged before justice of the peace. In the case at bar the petition to vacate was filed on behalf of, and signed by, every owner of the land on both sides of the strip proposed to be vacated. Attached to the petition was a plat which set out the names (being duplicates of those signed to the petition) of every owner of abutting property on both sides and gave the number of feet of each tract and the name of its respective owner. This plat was referred to as part of the petition, and was filed with it in the county court as the basis of their request for thirty days before the next term of the county court. There was no opposition to the request. The taking of the foregoing steps was sufficient to vest the county court with the jurisdiction of the parties, the cause of action and the *res*. It was not necessary that the names of the signers of the petition comprising all of the owners of the abutting property should have been put in the body of the petition. It was sufficient that they were attached to it as plaintiffs and that their names and the number of feet of land owned by each of them was set out and described in the plat which accompanied the petition and was

referred to by it. Appellants' contention to the contrary is overruled.

Neither is it necessary that Kansas City, then City of Kansas, should be made a party to the proceeding. The only necessary parties to the proceeding were the owners of the abutting property, for they alone would be entitled to compensation for the occlusion of the street. [Henderson v. Lexington, 22 L. R. A. (N. S.) l. c. 37.] The city might have been a proper party, but was not a necessary party, to the vestiture of jurisdiction in the county court by the terms of the act. The city was not entitled to any damages for cessation of its easement. The only person entitled to damages was that portion of the public whose property abutted upon and bounded the portion of the street sought to be vacated. Being thus possessed of full jurisdiction both of the necessary parties and the cause of action set forth in their petition, and "no opposition" having been made, the county court on the fourth of June, 1878, entered an order vacating the property described as a street and expressly reciting in said order its *finding upon the evidence* of the filing of the petition to vacate by the owners of the property bounding the strip of land as shown on a plat attached to the petition which had been filed more than thirty days before the court convened, and setting forth further, to-wit:

"And it further appearing that notice of the pendency of said petition was duly given for the space of thirty days prior to the first day of the June term of this court, 1878, by written notices set up in three of the most public places in the said City of Kansas, on the 29th day of April, A. D. 1878, by the constable of Kaw township in said Jackson county as shown by his return duly certified on a copy of said notices.

"And it further appearing that the consent of the owners of two-thirds of the property adjoining and

fronting the street asked to be vacated had been obtained to such vacation, which consent had been duly acknowledged before a notary public of said county and filed for record in the recorder's office of said county and no opposition being made to said petition."

The foregoing facts and recitals contained in the order or judgment of the county court showed that it had duly acquired jurisdiction according to the terms of the act over the necessary parties and the cause of action or subject-matter set forth in their petition, and the judgment so rendered discloses on its face the existence and finding of the court, of all the matters essential to the exercise of its jurisdiction to vacate the street as conferred upon it by the act of the Legislature.

That order or judgment is not open to collateral attack, and no direct attack is made upon it by the pleadings in this case. The county as well as the probate court, is one of inferior jurisdiction, but the rulings of some of the earlier cases as to the absence of any presumption of jurisdiction when the records of those courts do not affirmatively disclose their jurisdiction have been repeatedly overruled. The law is now settled that the orders and judgments of county and probate courts, made in the exercise of their statutory powers over subjects and matters conferred upon them, are entitled to the same favorable presumptions arising, either from the statements or the silence of their records, which are accorded in like cases to circuit courts or others of general jurisdiction. [Johnson v. Beazley, 65 Mo. 250; Desloge v. Tucker, 196 Mo. l. c. 601, and cases cited; Ancell v. Bridge Co., 223 Mo. l. c. 227; Macey v. Stark, 116 Mo. l. c. 494, and cases cited; McDonald v. McDaniel, 242 Mo. l. c. 176; Covington v. Chamblin, 156 Mo. 574; State v. Fulton, 152 Mo. App. l. c. 348; Deweese v. Yost, 161 Mo. App. l. c. 12; Spicer v. Spicer, 249 Mo. 582.]

Under the rule governing the judgments of circuit courts and which, by the facts in this record, is made applicable to the order of vacation of the county court, its jurisdiction to render that judgment can only be collaterally attacked by pointing to some fact, recital or statement contained within the entire record of its proceedings, which affirmatively proves that the court was without jurisdiction of the person or subject-matter. So far from that being the case the recitals in the orders of vacation, together with the entire record, disclose that the county court was fully possessed of jurisdiction according to the terms and provisions of the act of the Legislature giving power to vacate streets. This conclusion disposes of all the objections in appellants' brief aimed at the validity of the order of vacation of the streets except the suggestion (seemingly not pressed) that the title of the act of January 30, 1866, is not broad enough to cover the subjects dealt with in the body of the bill. We have examined the title and the bill. The substance of the bill has been set out and was in our opinion clearly comprehended within the scope of the title as far as the vacation of streets is concerned; for the title uses these words, ''An Act providing for the vacation of streets, alleys, public squares and grounds of towns and cities,'' etc., which is all that is necessary to validate the proceedings of the county court in the matter in hand.

## II.

It is next suggested that the record discloses that the written consent of the persons owning two-thirds of the property, etc., to the vacation of the street was acknowledged by a notary public, instead of a justice of the peace. This is a highly technical and meritless assignment. At the time this acknowledgment was made, notaries public, as well as justices of the peace,

were authorized by the statute to take acknowledgments of instruments affecting real estate. [Laws 1877, p. 375; Laws 1877, p. 352.] Besides, the plaintiff is shown by the record to have enjoyed the estate for ten consecutive years through this duly recorded instrument, whereby its acknowledgment, even if defective, does not prejudice her rights. [R. S. 1909, sec. 6318.]

## III.

It is further claimed by appellant that the power to vacate streets was vested in Kansas City by the Session Acts. [Laws 1875, p. 204, subdivision 7.] That paragraph does not in terms, confer the power *to vacate* streets. This power appears not to have been given *in haec verba* until the charter of 1908. [Charter of 1908, bottom of page 96, second paragraph from the bottom.] The rule is that the plenary power of the Legislature over streets, barring constitutional restrictions, may be exercised by itself or delegated by it to municipal authorities or other agencies, but the grant of the power *to vacate* must be in express terms or by necessary implication. [2 Elliott on Roads and Streets (3 Ed.), sec. 1177.] Tested by this rule there is nothing in the act of 1875 to indicate that the particular function of vacating streets was granted to Kansas City. That power was given to it by its subsequent charter. But it was clearly possessed by the county court at the time of the rendition of its judgment.

## IV.

Appellant also insists that there was a dedication of the strip of land in controversy from the continual user. That was a controverted question of fact which the court below found against appellant.

Appellant, further complains that the tax deeds executed to plaintiff did not carry the title, because there was no evidence that the land was subject to taxation. There is no merit in this contention, for by the express provisions of the charter of Kansas City the deeds in question are made "prima-facie" evidence, in the relation to the rights of the grantee in said deed, that the taxes were not paid at any time before the sale, and that the real property conveyed was subject to taxation for the year or years stated in the deed. [Charter of Kansas City 1889, art. 5, sec. 58, p. 56.]

The statement in the tax deed also covered the point made by appellant that there was nothing to show that "one tract or parcel of land was sold each day." [Charter of Kansas City 1889, secs. 44, 69; Sullivan v. Donnell, 90 Mo. 278; Meriwether v. Overly, 228 Mo. l. c. 236.]

Appellant further complains that the deed fails to recite that a certificate of purchase was issued. The deed is a literal copy of the statutory form contained in the charter of Kansas City and it is therefore correct. [Sections 58, 75, Charter of 1889, p. 54; Williams v. Sands, 251 Mo. 147.]

Neither is there any merit in the objection that the petition is multifarious even if it was before us. It does not lie in the mouth of defendants Ford, who claim title to the whole strip, to interpose that objection. [Boggess v. Boggess, 127 Mo. 305; R. S. 1909, sec. 1733; Rinehart v. Long, 95 Mo. 396.]

These conclusions necessarily dispose of this appeal. The judgment is affirmed. All concur.