LUCY M. ROLOSON, Appellant, v. PAUL RIGGS and EUGENE DeHART, Executors of Last Will of EBER B. ROLOSON, Appellants.

In Banc, May 17, 1918.

1. **REFERENCE: Findings and Legal Conclusions of Referee: Review on Appeal.** Findings of fact and conclusions of law by a referee in a law case, which have received the approval of the trial court, are to be considered in the appellate court as are findings of fact and legal conclusions of the trial judge in a law case; which means that the substituted findings of fact by the trial court will be reviewed only to the extent of determining whether they are supported by substantial evidence.

2. **ADMINISTRATION: Account: Barred by Limitations: No Exception: Review.** An assignment that the trial court erred in refusing to charge against the executors a store account paid by them long after it was barred by limitations will not be considered on appeal if no exception was filed to the action of the referee in allowing the account. Nor will any other assignment be considered

on appeal if to the finding of the referee no exception was saved and no reference thereto was made in the motion for new trial.

3. ——,——: **Paying Debt on Real Estate.** The payment, after maturity, by the executors of a debt of $4000 secured by a deed of trust on land worth $9000, bearing six per cent compound interest and promising ten per cent as attorneys' fees if collected by legal process, after judgment in the probate court, from which no appeal was taken, was in the interest of the estate, and authorized by the broad provisions of Section 143, Revised Statutes 1909.

4. ———: **Costs of Trial.** Where the devisee filed twenty-one exceptions to the executors' report, three of which were sustained in the circuit court on appeal, the court did not abuse its discretion in assessing half the costs against him.

5. ———: **Executor's Commission.** The executors are entitled to a commission of five per cent of the amount for which they sold a lot of corn, charged and appraised to them, applied in extinguishing a chattel mortgage thereon.

6. ———: **Extra Compensation in Addition to Commission.** Under Section 229, Revised Statutes 1909, executors, who succeed, after protracted litigation, in collecting over $45,000 in life insurance made payable to decedent's estate, however vigilant and honest they may have been and however great an amount of work they may have performed in administering the estate, are not entitled to an extra compensation in addition to their statutory commission of five per cent on personal property and money arising from the sale of real estate.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED AS TO PLAINTIFF'S APPEAL; REVERSED AND RE-
MANDED (*with directions*) AS TO DEFENDANT'S APPEAL.

*Broaddus & Crow* and *Ernest D. Martin* for plaintiff.

(1) The executors in this case filed what they claimed to be a final settlement, but the paper shows that there is $5000.47 due from estate of Eber B. Roloson and no final settlement can be made or considered by the court "until the administration is completed;" and for that reason the probate court and the circuit court erred in approving the paper as a final

settlement after making certain deductions or charges against the executors. R. S. 1909, secs. 222-238; Ryans v. Booger, 169 Mo. 673. (2) The Ewart note referred to in the statement was filed and presented to the probate court on the 6th day of March, 1905; the affidavit of the creditor as well as the note was filed in the probate court on said 6th day of March, 1905, and the attorney for the executors waived service of summons or notice, and the claim was allowed on the same day it was presented and the executors were appointed on the 4th day of March, 1903, and advertisement inserted of the fact of the appointment within thirty days thereafter. So that limitation had barred the Ewart claim because an attempt was made to present same more than two years after the appointment of the executors. R. S. 1909, secs. 190, 191, 194, 82. The executors were without power to pay any debt after it had been barred by the special Statute of Limitation. Beekman v. Richardson, 150 Mo. 430; Crosswell's Executor & Administrator, page 333; Woerner on Administration (2 Ed.),pp.839-841, secs. 400-402; Schouler's Executor & Administrator, p. 489, sec. 417; Styles v. Smith, 55 Mo. 366; Bauer v. Grace, 18 Mo. App. 164; Wiggins v. Lovering, 9 Mo. 262. (3) The trial court clearly erred in taxing one-half the costs against Lucy M. Roloson after adjudging that the executors had attempted to wrongfully and unlawfully convert to their own use $1200 of her father's estate.

*Wm. M. Fitch* for defendants.

Upon the findings of the referee, and the facts disclosed therein, the executors are entitled to commissions of five per cent on said sum of $1180.50, the sale price of the corn. This corn was inventoried, appraised and charged to the executors in their first annual settlement, it appearing that the corn was subject to a mortgage, which fact was brought to the attention of the court, and the court ordered the executors to sell the corn to pay said mortgage and report the sale to the court. This being an annual settlement, made in due form

Roloson v. Riggs.

and after being docketed, and after due notice by publication, all parties in interest were duly notified and were in court for all purposes of the settlement. Appeals must be taken within the time provided by Sec. 290, R. S. 1909. No appeal was taken from this order or allowance. We respectfully submit that the executors are entitled to and should have the $200 involved in this item because it is a part of their regular five per cent commission expressly allowed by statute; it is not, and was not allowed or paid or claimed as extra compensation. A simple computation proves this. The executors did not ask for more than one allowance— and do not now claim, and have never claimed for more than one such allowance, viz, the one for $1000. (See fourth and final settlement [Rec., p. 132]). The executors have never claimed more than $1000 as special allowance and expense. The claim is fully treated under point 3 hereof. (2) The allowance and claim of $200 was right, just and proper, and the judgment must be reversed as to this item because it was and is a part of the regular five per cent commission allowed executors, and nothing more. (3) Executors were allowed $1000 for extraordinary expenses and time in handling the affairs of this estate. Such an allowance is clearly within the purview of the statute, fixing compensation to administrators and executors. Sec. 229, R. S. 1909.

RAILEY, C.—This case came to the Kansas City Court of Appeals by cross-appeals, from the judgment of the Daviess Circuit Court, in passing upon plaintiff's amended exceptions to the fourth and alleged final settlement of defendants herein, as executors of the estate of Eber B. Roloson, deceased, filed in the probate court of DeKalb County, Missouri. The case was appealed to the circuit court of said last named county, and on change of venue was transferred to the Daviess County Circuit Court. When reached for trial there, the court appointed Hon. A. D. Hewett as referee. He duly qualified as such referee, heard the testimony of

both plaintiff and defendants, made a written report as to his findings upon the law and facts, accompanied by the testimony taken before him, found certain issues in favor of this plaintiff, and others in favor of defendants. Both plaintiff and defendants filed exceptions to the report of the referee, which will be considered hereafter. The exceptions of both parties to the report of the referee were overruled, and judgment was entered confirming said report. Both parties appealed to the Kansas City Court of Appeals, and the latter certified the case to this court on the ground that the amount in controversy made the appeal returnable here.

It appears from the testimony that Eber B. Roloson died while a resident of DeKalb County aforesaid, on or about the 28th day of February, 1903, testate. He appointed in his will Paul Riggs, Eugene DeHart and Howard J. Roloson as executors therein. Howard J. Roloson (brother of deceased) declined to act, but the other parties mentioned duly qualified as such executors, and took charge of said estate. The only clause of the will necessary to mention here, is the following:

"I want all of my debts paid without probating, a list which I will leave with my brother, Howard J. Roloson."

About the year 1899, or 1900, the wife of said Eber B. Roloson, died. This plaintiff—then a minor—was the only child and heir at law of said Eber B. Roloson and wife. It appears from the evidence that decedent, at the time of his death, was the owner of about 200 acres of valuable land in DeKalb County aforesaid, and also about two acres of real estate in the town of Weatherby, in said county. He owned about one dozen policies of insurance, in different companies, aggregating over $42,000. He likewise owned some personal property appraised at about $5100. The 200 acres of land were encumbered by a deed of trust for $4000, and the Weatherby town property was also encumbered for about $1000. He owed various other debts not neces-

Roloson v. Riggs.

sary to mention. The policies of insurance were taken out shortly before his death. All of the companies, except one or two, contested the validity of same, and some of the cases were in the Federal District Court, the U. S. Court of Appeals and in the Supreme Court of the United States. After years of litigation, and great expense, the defendants finally collected about $45,206.66 on said insurance policies.

The total claims allowed by the probate court, including the mortgages, amounted approximately to $35,000. The 200 acres was appraised at $9000, and the town property at $1200. Without the insurance, the estate of decedent was hopelessly insolvent.

Such other matters as may be necessary will be considered hereafter.

Both plaintiff and defendants filed their respective motions for new trial, which were overruled. The defendants also filed their motion in arrest of judgment. This motion was likewise overruled. The case was appealed by both parties to the Kansas City Court of Appeals, and certified here, as above mentioned.

This is an action at law and the trial court properly appointed a referee to take the testimony and report to the court his findings of law and fact. Counsel for plaintiff, filed in the probate court of DeKalb County, Missouri, twenty-one exceptions to the fourth annual settlement filed in said court, on August 22, 1912, by defendants as the executors of the estate of Eber B. Roloson, deceased. The referee heard the testimony of both plaintiff and defendants, and at the October Term, 1914, of the Daviess Circuit Court, filed therein his findings of law and fact, with a transcript of the testimony taken before him. All of the twenty-one exceptions filed by plaintiff to the settlement aforesaid were overruled and denied by the referee, except those numbered 3, 13 and 19, and to the allowance of these three the defendants excepted.

Plaintiff filed in the circuit court aforesaid seven exceptions to the report and findings of the referee,

*Findings and Conclusions of Referee.*

which will be considered hereafter. The defendants likewise filed seven exceptions to the report and findings of said referee, which will also be considered later. The Daviess Circuit Court overruled all the exceptions filed by both plaintiff and defendants, and entered a decree confirming said report and findings of both law and fact. In view of the foregoing, the case stands before us, as if the findings of fact and conclusions of law had been made by the trial court.

The motions of both plaintiff and defendants for new trial were overruled, and defendants' motion in arrest of judgment was also overruled.

The case was tried by the court without instructions.

The substituted findings of fact by the trial court will only be reviewed by us to the extent of determining whether or not they are supported by substantial evidence. [City of St. Louis to use v. Parker-Washington Co., 271 Mo. 229, 196 S. W. l. c. 769; Coulson v. La Plant, 196 S. W. (Mo.) l. c. 1146; Truitt v. Bender, 193 S. W. (Mo.) 838; Buford v. Moore, 177 S. W. (Mo.) l. c. 872; Abeles v. Pillman, 261 Mo. l. c. 376; Slicer v. Owens, 241 Mo. 319; Minor v. Burton, 228 Mo. 558.]

I. The first error assigned by plaintiff, reads as follows: "The trial court erred in refusing to charge the executors with the store account of $56.40 allowed in their favor long after the account had been barred by limitation."

Plaintiff's Assignment.

No exception was filed to the action of the referee in overruling the above assignment. Nor is there anything in plaintiff's motion for a new trial relating to this subject.

In view of the foregoing, said assignment is overruled.

II. Plaintiff's second assignment of error is as follows: "The court erred in refusing to charge the executors with the $4000 paid by the executors to James Ewart and the interest thereon paid as shown by the statement."

Mortgage Debt.

In order to properly understand and dispose of this assignment of error,-it will be necessary to state the facts relating to said demand.

On April 17, 1899, while testator was the owner of the 200 acres of land heretofore mentioned, and appraised at $9000, he and his wife gave a deed of trust thereon to secure a note of $4000, in favor of James Ewart. Said note bore six per cent interest from date, compounding annually. It was due five years after the date aforesaid, and contained the following provision: "and if this note or any part of the same is collected by legal process we hereby promise and agree to pay ten per cent as attorneys' fees."

Testator died on February 28, 1903, without having paid any part of the principal of said note. Letters of administration, with the will annexed, were granted to defendants on March 4, 1903. The note aforesaid became due on April 17, 1904. It is evident from the record before us that said note was presented to the defendants, as executors of said estate, after its maturity, and before its allowance and classification in the probate court, as there was endorsed on the back of same, the following:

"Recd. 275.00 as interest 5/11/1904.

"Recd. dft. 303.06 to pay int. on note to May 11, 1904, on 7/7/1904."

Turning to the record of the probate court of DeKalb County, read in evidence by plaintiff, we find that the defendants herein, as executors, on May 10, 1904, applied to said court for an *order* to pay the $275 of interest above mentioned. The probate court acted upon said application, and authorized the payment of said sum. The Ewart note was presented to the probate court for allowance and classification, and the following judgment was rendered in respect to same:

"February Term, 1905. Monday, March 6, 1905.

"James Ewart, Plaintiff, against Paul Riggs and Eugene DeHart, Executors of the Estate of Eber B. Roloson, Deceased, Defendants.

"Come now the parties hereto and this cause being at issue, and founded on a promissory note secured by a deed of trust to real estate, is by agreement submitted to the court for trial, and the court having heard the evidence doth find for the plaintiff in the sum of $4195.30. It is therefore adjudged by the court that the plaintiff recover of and from the defendants the said sum of $4195.30 so found as aforesaid with his costs taxed at $1.80, assigned to the 6th class of demands at 6% interest."

No appeal was ever taken from this allowance by the plaintiff or any creditor of said estate.

One June 3, 1907, these defendants, as executors, filed in the probate court aforesaid, their *third* annual settlement, in which they received credit for $4728.39, on account of the payment of the Ewart note aforesaid. This settlement was approved and no appeal was ever taken therefrom. The judgment of the probate court aforesaid, in respect to the Ewart demand, stood unchallenged, from *March 6, 1905,* until the filing of the exceptions to the *fourth* annual settlement of said executors, in *August, 1912.*

This court, in the case of Thompson v. Pinnell, 199 S. W. 1011, l. c. 1013, decided December 22, 1917, in discussing the law of this State, in respect to probate courts, said:

"It is now well established law in this jurisdiction, that the orders and judgments of our probate courts, made in the exercise of their statutory powers over subjects conferred upon them by law, are entitled to the same favorable presumptions arising from either the *affirmative* statements, or the *silence* of their records, as are accorded in similar cases to the circuit courts. [Johnson v. Beazley, 65 Mo. 250; Long v. Joplin Mining & Smelting Co., 68 Mo. l. c. 433; Henry v. McKerlie, 78 Mo. l. c. 429; Camden v. Plain, 91 Mo. l. c. 128; Rowden v. Brown, 91 Mo. l. c. 432; Rottmann v. Schmucker, 94 Mo. l. c. 144; Price v. The Springfield Real Estate Assn., 101 Mo. l. c. 116; Williams v. Mitchell, 112 Mo. l. c. 308-9; Macey v. Stark, 116 Mo. l.

c. 494; McKenzie v. Donnell, 151 Mo. l. c. 450; Cox v. Boyce, 152 Mo. l. c. 582; Covington v. Chamblin, 156 Mo. l. c. 587; Stark v. Kirchgraber, 186 Mo. l. c. 646-7; Robbins v. Boulware, 190 Mo. l. c. 51-2; Desloge v. Tucker, 196 Mo. l. c. 601; Ancell v. Bridge Co., 223 Mo. l. c. 227; Spicer v. Spicer, 249 Mo. l. c. 598-9; Norton v. Reed, 253 Mo. l. c. 251; Wilson v. Wilson, 255 Mo. l. c. 536-7; Bingham v. Kollman, 256 Mo. l. c. 589, and cases cited; Einstein v. Strother, 182 S. W. (Mo. App.) l. c. 123; Crump v. Hart, 189 Mo. App. l. c. 575; Deweese v. Yost, 161 Mo. App. l. c. 12.]''

Section 278, Revised Statutes 1899, reads as follows:

''Appeals shall be allowed from the decision of the probate court to the circuit court, in the following cases: First, on all demands against an estate exceeding ten dollars; second, on all settlements of executors and administrators;  .  .  .  fifteenth, and in all other cases where there shall be a final decision of any matter arising under the provisions of this chapter. And the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration.''

Section 279 provides that appeals should be taken during the term at which the decision complained of was rendered, or within ten days thereafter.

Section 143, Revised Statutes 1899, is in the following language:

''If any person die leaving land encumbered by mortgage or deed of trust, or any lien whatever, or owning any equity of redemption, or leaving mortgaged or pledged any personal property, and shall not have devised the same or provided for the redemption thereof by will, the court shall have power, if in its judgment it will promote the interest of the estate, and not be prejudicial to creditors, to order the executor or administrator to redeem the same out of the personal assets of the estate, or to order the sale of other real estate to redeem such land or personal property so encumbered.''

Under the broad powers conferred upon the probate court under the section just quoted, it had the right to have defendants redeem the 200 acres above mentioned, from the lien of the Ewart mortage, especially so, as said real estate was reasonably worth more than double said debt. Plaintiff, in this action, is the residuary legatee in the will, and it is perfectly manifest that the judge of the probate court, in allowing said claim to be reduced to judgment, and in approving the settlement of defendants, in which said demand was paid, became satisfied that it was to the interest of both plaintiff, and those interested in said estate, to have said demand paid off and discharged.

The plaintiff is now asking this court to disallow the amount paid by these defendants in extinguishing the Ewart lien on the real estate aforesaid, although said deed of trust was satisfied of record, on April 23, 1907, under the circumstances aforesaid. We are of the opinion that, on the evidence before us, the probate court of DeKalb County was fully justified in authorizing the defendants to pay off the Ewart judgment and note above mentioned. It is manifest that if Ewart had not presented his note for allowance and classification, he could have foreclosed said deed of trust, after the expiration of the nine months mentioned in Section 145, Revised Statutes 1899, and have realized from said sale, not only the full amount of his debt and interest, but could likewise have recovered ten per cent as attorneys' fees for foreclosing same. Considering this whole question, we are at a loss to see how the plaintiff was injured, in respect to the action of the probate court and these defendants, in regard to the Ewart claim.

The above assignment of error is accordingly overruled.

III. The third assignment of error, made by plaintiff, is as follows: "The court erred in refusing to Mortgage charge the executors with the $1000 paid by Debt. the executors to Brill in satisfaction of a note,

Roloson v. Riggs.

together with interest paid thereon as detailed in the statement."

It appears from the record that deceased bought about two acres of real estate in the town of Weatherby, in DeKalb County, and was living upon the same as his homestead at the time of his death. He executed a mortgage on said town property, to Nelson L. Brill, to secure said indebtedness. On June 3, 1907, the defendants made application to the probate court aforesaid for an order to pay off and discharge the Brill demand supra. The executors paid off said note in full on April 27, 1907, amounting to $1070, and received credit in the *third* annual settlement aforesaid, for the above sum.

The same observations made in respect to the Ewart note are applicable to this transaction. In addition, however, to the foregoing, we find, upon turning to the record, that no exception was filed by plaintiff to the findings of fact and law by the referee, in respect to this matter.

The above assignment of error is accordingly overruled.

IV. The fourth assignment of error reads as follows:

**Executor's Compensation.** "The court erred in refusing to charge the executors with the amount claimed by them, namely, five per cent of the amount of money claimed by them as executors on account of the gross violation of their duties as executors."

This assignment is without merit, and no exception was filed to the report of the referee in respect to same.

V. It is assigned as error by plaintiff, that "The court erred in not sustaining all the exceptions to the alleged final settlement."

No exception of this kind was filed, to the findings of the referee, and the same is hereby overruled.

VI. The sixth assignment, and the one numbered nine are practically the same, and relate to the question as to whether this is a final settlement or otherwise. No issue of this kind was presented by way of exception to the report of the referee, nor in the motion for a new trial. We have proceeded in the case as though it were the fourth annual settlement.

*Final or Annual Settlement.*

Said assignments six and nine are therefore without merit, and are overruled.

VII. The seventh assignment of error is practically the same as number four supra, and is disallowed for the same reason.

VIII. It is claimed, that the trial court erred in assessing one-half the costs of this proceeding against the plaintiff, up to the time of trial below. We find, upon turning to the record, that plaintiff filed twenty-one exceptions to the fourth annual settlement, and was sustained in respect to three of same. The main part of the record before us relates to those matters upon which plaintiff was defeated in the court below, and having forced the defendants to meet these objections, we are of the opinion, that the trial court did not abuse its judicial discretion in taxing respondent with one-half of the costs.

*Costs.*

IX. It is insisted by defendants that the referee and trial court committed error in sustaining plaintiff's exception *nineteen*, to the fourth annual settlement, as follows: "This exception is sustained in favor of plaintiff in the sum of $59.02 and executors are surcharged or debited with sum of $59.02."

*Defendant's Assignments.*

We think the above assignment of error is well taken. The referee, in plaintiff's exception eight to the above settlement, correctly found that a certain lot of corn appraised and charged to defendants was sold for $1180.50, and said sum paid to the mortgagee on his

debt. Under Section 223, Revised Statutes 1899 (now Sec. 229, R. S. 1909), the defendants were entitled to a commission of five per cent on the above sum of $1180.50.

The ruling of the referee and trial court was erroneous, in holding that defendants were not entitled to said credit of $59.02.

X. Defendants assign as error the action of the referee and trial court in sustaining plaintiff's exception numbered *three* to the fourth annual settlement, and in refusing to allow them the commission of $200 approved by the probate court, as shown by voucher 36, in the second annual settlement, under date of June 1, 1905. This $200 is also carried forward into the fourth annual settlement, as *commissions* paid executors.

**Double Allowance.**

It appears from the petition of appellants, to the probate court, under date of June 3, 1907, that they only claimed $1000 for services, outside of the five per cent commission allowed by statute. The referee and trial court, in surcharging defendants' settlement with $1200, proceeded upon the theory that all of it was for *special* services, whereas we are of the opinion that the probate court was right in treating the $200 as a part of the five per cent commission allowed by law.

The referee and trial court therefore erred in sustaining plaintiff's exception numbered three, to the fourth annual settlement, as to the $200 mentioned therein.

XI. Defendants assign as error the action of the referee and trial court in sustaining plaintiff's exception numbered three to the fourth annual settlement supra, wherein defendants were allowed $1000 as *extra compensation* for services, in looking after and collecting the insurance due the estate of which they were executors.

**Extra Compensation.**

We are satisfied from the record before us that appellants, throughout their administration, have acted honestly, and in the utmost good faith, in all they did

relating to said estate. They were required to be vigilant and to perform a great deal of work in the prosecution of the suits, to collect the insurance due said estate, and deserve credit for having collected over $45,000 after years of litigation. They were not only interested in collecting this insurance, because it was their duty to do so by virtue of their office, but if they had been defeated in the collection of same it would have entailed a loss to them of five per cent commission on the above sum. They received credit for certain *expenses* paid out by them, and also credit for the amounts paid to attorneys representing them.

Section 229, Revised Statutes 1909, which is the same as section 223, Revised Statutes 1899, provides that they should receive, *as full compensation for their services and trouble, a commission of five per cent on personal property and on money arising from the sale of real estate.*

Upon a full consideration of this question, we are of the opinion that the five per cent commission allowed by the above section, in addition to the expenses allowed defendants by the probate court, was intended by the General Assembly to be full compensation for the services rendered by appellants, under the circumstances disclosed by the record herein.

The referee and trial court can not be convicted of error in disallowing the item of $1000 mentioned in the above assignment.

XII. Upon a careful consideration of all the questions before us, we affirm the judgment of the trial court as to the issues presented in plaintiff's cross-appeal; and reverse and remand the cause on the issues presented in defendants' cross-appeal, with directions to the lower court to correct its judgment so as to allow defendants the above credits of $59.02 and $200, respectively.

*Brown, C.,* not sitting.

PER CURIAM:—The foregoing opinion of .RAILEY, C., is adopted as the opinion of Court in Banc. *Graves, C. J.* and *Faris, Blair* and *Williams, JJ.,* concur; *Walker, J.,* concurs in result; *Woodson, J.,* concurs in all except what is said of the Parker-Washington Co. case; *Bond, J.,* dissents because the opinion does not state correct rule of review in compulsory reference case.