FRED KELLEY, Appellant, v. LEONARD WAYMEYER and JOHN L. MOORE. —No. 40267.—204 S. W. (2d) 744.

Division One, October 13, 1947.

*Friend B. Greene* and *C. P. Turley* for appellant.

*John L. Moore, W. Jack Moore* and *Charles M. Ryan* for respondents.

CLARK, J.—Plaintiff sued defendants in the circuit court of Carter County, his petition being in four counts:

Count one alleges that plaintiff owns certain lots fronting on certain streets and alleys in the town of Chilton; that defendants have un-

lawfully erected and maintain fences across these streets and alleys, thereby depriving plaintiff of access to his property, and plaintiff prays a mandatory injunction to compel defendants to remove the fences.

Count two alleges that plaintiff owns in fee simple certain described land, being part of the abandoned right-of-way and depot grounds of a railway; that defendants claim some interest and plaintiff prays to be adjudged the owner.

In count three plaintiff asserts title to lots 4 and 5 in block 1 in the original town of Chilton and prays that title be decreed accordingly.

In count four plaintiff claims an easement over described land for the purpose of removing sand and gravel.

The answer of defendants controverts the material allegations of the petition; ▮▮▮ claims title, both by deeds and adverse possession, to the land abandoned by the railway and to lots 4 and 5 in block 1 and prays title to be decreed accordingly.

The case was tried by the court without a jury and a decree rendered in favor of defendants under counts one, two and three and in favor of plaintiff under count four. Plaintiff has appealed.

The question before us on this appeal involves the correctness of the trial court's decree: (1) in sustaining defendants' right to erect and maintain fences across streets and alleys; (2) in awarding title in defendants to the abandoned railway property; (3) in awarding title in defendants to lots 4 and 5 in block 1.

The evidence shows that a plat of the town of Chilton was filed in the recorder's office in 1887, showing lots and blocks, streets and alleys and a strip marked right-of-way and depot grounds of Current River Railroad. Apparently few lots were ever sold. At the time of the trial appellant was the undisputed owner of about a dozen lots, upon one of which he conducts a store. One street, running through the town in front of appellant's store remains open. Most of the remainder of the town site, including the abandoned railroad land, is fenced as a part of a farm which defendant Waymeyer has had in possession for many years.

▮▮▮ In 1912 the county court made an order vacating most of the streets and alleys of the town of Chilton. Appellant contends that this order is void because it fails to show that a notice was given as required by the statute then in force, citing, State ex rel. v. Pub. Serv. Comm., 234 Mo. App. 470, 134 S. W. (2d) 1069; State v. Pemberton, 235 Mo. App. 1128, 151 S. W. (2d) 111, and State ex rel. v. Corneli, 351 Mo. 1, 171 S. W. (2d) 687. Those cases are not in point. State ex rel. v. Public Service Commission involves no question pertinent to the instant case. Probably appellant intended to cite State ex rel. v. Smith, 134 S. W. (2d) 1061, l. c. 1069, but it merely holds that a judgment which is void on its face may be collaterally attacked. In

State v. Pemberton it was held that a petition did not allege the facts necessary to give the county court jurisdiction to call an election. In State ex rel. v. Corneli the county court was not acting judicially, but as a board of equalization and jurisdiction of such boards must affirmatively appear.

In vacating the streets in the instant case, the county court was acting judicially in a matter entrusted to it by statute. It was then a court of limited jurisdiction, but its judgment is entitled to the same favorable presumptions accorded in like cases to circuit courts and can be collaterally attacked only for some defect in the judgment or some necessary proceeding upon which the judgment was based. [Bingham v. Kollman, 256 Mo. 573, 165 S. W. 1097.] Such courts, as to judgments in matters conferred upon them by law "are entitled to the same favorable presumptions arising from either the affirmative statements, or the silence of their records, as are accorded in similar cases to the circuit courts." [Roloson v. Riggs, 274 Mo. 522, l. c. 530, 203 S. W. 973.] The mere fact that the judgment of the county court fails to recite that notice was given does not authorize its collateral impeachment. In the absence of proof to the contrary it is presumed that requisite notice was given. [Scanland v. Walters, 305 Mo. 415, l. c. 428, 265 S. W. 688.]

We hold that the trial court did not err in ruling the streets and alleys mentioned in the order of the county court had been properly vacated.

The railroad abandoned its land in the town of Chilton in 1938 or 1939. An easement over this land had been conveyed to the railroad by deeds executed in 1887 and 1889 by Missouri Lumber and Mining Company, a corporation. Appellant claims title to this land by deed executed by the last named corporation in August 1942. However, the grantee named in that deed, as shown by the record, is Carter County. We are inclined to think that the deed was incorrectly copied into the transcript and that the name of appellant was inadvertently omitted as grantee. Even so, the deed is not sufficient to show title in appellant. At the time the deed was executed title to the abandoned railroad property had reverted to the owner of the abutting land at the time of the abandonment, [Brown v. Weare, 348 Mo. 135, 152 S. W. (2d) 649] and the grantor corporation was not shown to be such owner. Defendant Moore received a deed from the railroad corporation in 1942 purporting to convey this property. That is the reason Moore is a defendant in this suit, although we understand he does not now claim to be the owner and there is an intimation in the record that he has given a quite claim deed to his co-defendant. The deed from the railroad corporation conveyed no title, because it had only an easement to use the land for railway purposes and lost all interest when it voluntarily abandoned and ceased to use the land for such purposes. Since September, 1939, defendant

Waymeyer has been in possession of his present farm including most of the town of Chilton and, particularly, the land abutting on that formerly used for railway purposes. He holds under a deed from some grantor whose identity is not disclosed by the record, but the evidence shows that he and his grantors had been in open possession, under color of title, paying taxes and claiming to own this farm for at least fifteen years prior to this suit. None of the parties proved a good record title to the abandoned railway property or the land abutting thereon. But, while Waymeyer's plea of title by adverse possession is somewhat crudely drawn and some of his evidence in support thereof might have been subject to proper and timely ob-. jection, yet, as no such objections were made either at the trial or in a motion for new trial, we hold that his pleading and evidence are sufficient to support the court's decree giving him title as against appellant.

The evidence presents a different question as to the title to lots 4 and 5 in block 1 of the town of Chilton. So far as concerns the record title, Waymeyer and appellant claim from a common source; the former by deed from one McMillion in 1940 and the appellant by sale for delinquent taxes for the years 1938, 1939, 1940, assessed against McMillion as the owner of the lots. When this tax deed was introduced in evidence by appellant defendants objected on the grounds that the advertisement for sale did not show whether it was for a first, second or third offer nor state the name of the owner of the land. Neither objection is tenable under the statutes. [Statutes mentioned are sections of Revised Statutes Missouri 1939 and corresponding sections of Mo. R. S. A.] Section 11125 states that it is unnecessary to include the name of the owner in the notice, and Section 11129 requires a second and third offer for sale only if the first and second offers fail to procure a bid for enough to pay the delinquent taxes, penalties and costs. In their answer defendants directly attacked the tax deed as void because "defendants hold tax receipts for the years said land was sold." This is a proper ground upon which to attack the deed for Section 11156 says that a sale of land for taxes shall not be valid if "the taxes thereon shall have been paid before sale." But Section 11150 says, "Such deed shall be prima facie evidence that the property conveyed was subject to taxation at the time assessed, that the taxes were delinquent and unpaid at the time of sale, of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings . . . ," and Section 11162 also clearly imposes the burden on the party who attacks such a deed. Defendant Waymeyer attempted to meet this burden by testifying that he had paid taxes on these lots "for years" and he and those under whom he claims had paid taxes on them for fifteen years. By objection he was prevented from testifying that he ever attempted to pay taxes on the lots at any time in addition

to what he paid on them as farm property. The evidence is indefinite as to whether these lots were actually in the possession of Waymeyer and within the fence surrounding his farm. It is clear that McMillion claimed to own them and they were sold for taxes assessed against him as owner. An unsuccessful attempt was made to prove by the county collector that Waymeyer and those under whom he claims had paid taxes on the lots as farm property and that a payment by McMillion had been credited to taxes for the wrong years. Under all the testimony we believe that defendant failed to satisfy the burden of proof imposed upon him by statute and that the trial court erred in decreeing title in these lots to defendants. Waymeyer also claimed title to these lots by adverse possession, but for reasons already stated the decree cannot be sustained on that ground.

The decree is affirmed except so far as it relates to the title to lots 4 and 5 in block 1, and the cause is remanded with directions to the trial court to modify and correct its decree so as to adjudge title in appellant to said lots. All concur.