ANNA PEARL SCOTT, Respondent, v. THE UNKNOWN HEIRS OF SOLOMON GARRISON ET AL., Defendants, JOHN A. LIVINGSTONE, Appellant, No. 41639—235 S. W. (2d) 372..

Special Division Three, January 15, 1951.

*R. H. Musser, Frank L. Pulley* and *J. A. Livingstone,* pro se, for appellant.

644

*J. B. Beavers* for respondent.

[372] McDOWELL, J.—This is an action to quiet title, filed in the Circuit Court of Clinton County, Missouri, December 28, 1948. On April 7, 1949, defendant, John A. Livingstone, filed his first amended answer. The cause was tried and judgment rendered for plaintiff finding title in plaintiff and finding that defendants had no right, title or interest to the property. From this judgment defendant, John A. Livingstone, appealed.

Plaintiff claims title by virtue of a tax deed dated July 19, 1943, recorded in book 183 at page 134 of the Clinton County deed records.

There were a number of defendants but only defendant, John A. Livingstone, filed an answer claiming an interest. In this answer defendant claims to be the owner of the property by purchase. He denies plaintiff's title and pleads that the consideration at the tax sale was so grossly inadequate as to amount to fraud. The answer sets up that the tax sale was in violation of his constitutional right but these contentions are not briefed.

The court appointed Robert H. Frost, guardian ad litem for minor defendants and attorney for unknown defendants and defendants who may be in military service, which guardian filed answer asking that strict proof be made of the averments of plaintiff's petition.

Plaintiff offered in evidence a collector's deed, dated November 3, 1942, recorded in book 183 at page 67, in which the land in question was conveyed by G. W. Carmack, Collector, to W. T. Harbison, trustee. She offered in evidence a deed from G. W. Carmack, Collector, to W. T. Harbison, trustee, dated July 14th, 1943, recorded in [373] book 183 at page 69, conveying the lands in question.

Plaintiff offered in evidence a trustee's deed from W. T. Harbison to plaintiff, Pearl Scott, dated July 19, 1943, recorded in book 183

at page 134, conveying the land in question. The deed of conveyance was objected to for the reason it was a conveyance for delinquent back taxes for years 1935 to 1939, inclusive, because such taxes were barred by the statute of limitation.

The land in question was sold by the collector of revenue for delinquent back taxes for the years 1935 to 1939, inclusive, which delinquent taxes were returned in the name of Carl Rodeen. It was first offered for sale on the first Monday in November, 1940. No bid having been received at this offering, it was again offered for sale on the first Monday of November, 1941, and no bid received. On the first Monday in November, 1942, it was sold by the collector at the third and final sale to W. T. Harbison, trustee, for the county court of Clinton County, for $96.44, and a collector's deed was made on November 3, 1942, conveying the land to said Harbison, trustee for the county funds entitled to participate therein.

There was a second collector's deed offered in evidence by plaintiff, dated July 14, 1943, conveying the land to W. T. Harbison, trustee. This deed was recorded in book 183 at page 69. There is no reason given why the second collector's deed was made. We note, however, that the first collector's deed did not designate the date the county court appointed Harbison as trustee, while the second collector's deed did.

W. T. Harbison conveyed the land in question, by order of the county court, to plaintiff by trustee's deed, dated July 19, 1943, which deed is recorded in book 183, page 134. These deeds are all in regular form.

Defendant, John A. Livingstone, testified that he was the owner of the land in controversy. He gave this testimony:

"Q. Well, let's not suppose. Are you? A. I have the title to the land.

"Q. Have you a deed for it? A. I don't have a deed to it. That deed—I got a deed from a man by the name of George W. Earl, and he originally made a contract with one Carl Rodeen to sell him the land.

\* \* \*

"Q. Did you receive a deed? A. Received a deed from George W. Earl.

"Q. Was George W. Earl the owner? A. The abstract showed he owned the title. \* \* \*"

The witness testified that Earl was dead. He testified that he considered the value of the property $1100.00 and was willing to tender into court for plaintiff $125.00. He gave this evidence:

"Q. John, when was the last time you had possession of that property? A. Oh, I couldn't say. It must have been at least five or six years ago that I had anyone living there."

The witness testified there had been some improvements made but he didn't known how extensive. He testified he had been by the place but did not know at the time what the improvements were. He stated he never notified the people living on the premises while the improvements were going on that he was making any claim to the land. He also testified that he wouldn't agree to pay for the improvements. He said he would like to see the property before he bought it. He gave this testimony:

"Q. You are not offering to pay back for any improvements, is that right? A. No; no, sir. I have received no rent from it, and if they had the title to it, of course, it is theirs, and they had a right to put improvements on. If they don't have the title to it, they have a right to take them off; I think in equity they would have."

He testified the improvements were in ordinary condition when sold and worth about $1100.00.

He testified that he purchased the land from Earl along in '26 or '27. He testified he never conveyed it to Mr. Rodeen; that Rodeen did not comply with his contract [374] to purchase but he supposed Rodeen was paying the taxes for which he was obligated under his contract. He gave this evidence:

"Q. Did you pay the taxes on this place up to and including— from 1926 through 1942? A. No, I thought Mr. Rodeen was taking care of those taxes.

"Q. But yet he had no title to the property? A. Only a contract.

"Q. A contract to purchase? A. Contract to purchase.

"Q. Have you paid taxes on it since 1942? A. No, no, I haven't."

Defendant testified that Rodeen entered into a contract with George Earl for the purchase of the property on the first day of October, 1922, and that contract was turned over by Earl to the defendant. He stated he got a deed from Earl in which he assumed the contract with Rodeen; that he still had the contract from Earl but had lost the deed; that Earl gave both the deed and contract at the same time. He testified that he put the deed in the bank pending the completion of the contract with Rodeen; that if Rodeen took the property Earl would make the deed direct to him.

Defendant stated that Rodeen died in 1934 or 1935 and after that time he had rented the premises for two or three years anyhow. The defendant testified that he found out in 1934 that Rodeen had abandoned the property and wasn't paying any attention to it and that he took care of it as much as he could, from then until 1943—he tried to rent it.

In this opinion, we will refer to the parties as plaintiff and defendant, John A. Livingstone being the only defendant in the trial court who claimed any interest in the property and the only defendant who appealed.

Plaintiff made a prima facie case of a good and valid title in fee simple when she offered in evidence the trustee's deed from W. T. Harbison to her which was recorded in book 183, page 134. Johnson v. McAboy, 350 Mo. 1086, 169 S. W. 2d 932, 934; Sec. 11150 R. S. Mo. 1939, Mo. R. S. A. Sec. 11150; Delta Realty Company v. Hunter, 347 Mo. 1108, 152 S. W. 2d 45, 48 (1); Kelley v. Waymeyer, 356 Mo. 1043, 204 S. W. 2d 744, 746; Sec. 11162 R. S. Mo. 1939, Mo. R. S. A. Sec. 11162.

Under this authority the burden to prove the invalidity of plaintiff's tax deed was upon the defendant.

The defendant, in his first assignment of error, challenges the sufficiency of the tax deed because the consideration paid at the tax sale was so grossly inadequate as to constitute constructive fraud. We find from the evidence that the defendant did not have such an interest or claim of right to the property in question to challenge the sufficiency of plaintiff's deed. It is true that the consideration paid by the trustee for the property in question was so grossly inadequate as to be constructive fraud. But we hold that, as between plaintiff and defendant, defendant has no interest in and to said property which would enable him to take advantage of this error. Sec. 11145 R. S. Mo. 1939, Mo. R. S. A. Sec. 11145; Sec. 11169 R. S. Mo. 1939, Mo. R. S. A. Sec. 11169; Sec. 11162 R. S. Mo. 1939, Mo. R. S. A. Sec. 11162; Davis v. Johnson, 357 Mo. 417, 208 S. W. 2d 266.

Certainly the evidence shows that defendant had no record title. It also is undisputed that he never had possession of the property under claim of ownership so as to give him a right by adverse possession. He paid no taxes thereon nor made any improvements. The only evidence he has, showing an interest in this property, is that he claims it was conveyed to him by a deed many years ago, which he never recorded. The evidence is wholly insufficient on the part of defendant to show a claim or interest in the lands in question so as to give him a right to challenge the sufficiency of the deed.

Having found that defendant, John A. Livingstone, had no interest or claim in the property described in plaintiff's deed, which would enable him to challenge the sufficiency thereof, it is unnecessary to decide the alleged errors numbered two and three in defendant's brief.

[375] Defendant did complain, in assignment of error numbered four, that the taxes for which this land was sold had been barred by the statute of limitation. This would be a valid objection if the proof showed that the taxes were so barred, but an examination of the evidence shows that the collector of revenue instituted his initial proceedings to sell the land in question within the five years and, even though where the first offering was made and no bid thereon had,

648

that tolls the statute and these taxes were not barred. State ex rel.
v. Marburger, 353 Mo. 187, 182 S. W. 2d 163, 167.

It is ordered that the judgment of the trial court be affirmed. All
concur.