Anne M. EVANS, Appellant,

v.

Martha BUENTE et al., the City of St. Louis
and Union Electric Company of
Missouri, Respondents.

No. 44701.

Supreme Court of Missouri.

Division No. 1.

Nov. 14, 1955.

Motion for Transfer to Court en Banc
Denied Dec. 12, 1955.

544

Jones & Alexander and D. Calhoun Jones, St. Louis, for appellant.

Samuel H. Liberman, City Counselor, Oliver T. Johnson, Associate City Counselor, Freeman L. Martin, Asst. City Counselor, St. Louis, for respondent City of St. Louis.

Russell H. Doerner, Keefe, Doerner, Schlafly & Griesedieck, St. Louis, for respondent Union Electric Co. of Missouri, John A. Woodbridge, St. Louis, of counsel.

HOLMAN, Commissioner.

Plaintiff (appellant) Anne M. Evans, instituted this action seeking to quiet title to two contiguous parcels of real estate in the City of St. Louis. Each parcel was made the subject of a separate count. The court decreed that the defendant (respondent), Union Electric Company of Missouri, was the owner of the fee simple title to the property described in the first count of the petition. As to that described in the second count, the court found the title to be vested in plaintiff, subject to a lien for taxes, including interest and other legal charges, in the sum of $2,923.74, which taxes were held to be properly payable to and collectible by the City of St. Louis (respondent). There were a number of individuals that were made defendants, apparently because of some previous record interest in the real estate. They defaulted and the decree divested them of any title or interest in either parcel of the land in question. The plaintiff has appealed.

■ We have jurisdiction of this appeal as title to real estate is directly involved and we are also asked to construe certain revenue laws of this State. Article V, Section 3, Constitution of Missouri 1945, V.A.M.S.

Plaintiff purchased all of the property herein mentioned for $143.26 at a sheriff's sale held by virtue of the levy of a special execution issued upon a benefit judgment previously rendered in a condemnation suit. At that time general taxes for 1930 and all subsequent years were unpaid. Plaintiff inquired about the taxes but refused to pay them as she entertained the view (obviously erroneous) that she was only required to pay such taxes as were assessed in her name. She never paid any taxes on the land involved in the first count and none were paid on the other parcel until 1947.

The Jones-Munger Act, Laws of Missouri, 1933, pp. 425–449, see now as reenacted and amended, Chapter 140, Title 10, RSMo 1949, V.A.M.S., was then applicable to the City of St. Louis. In an effort to collect these delinquent taxes the parcel described in the first count was advertised and offered for sale for the third time on November 1, 1937, and was purchased by the City for $33.75. Plaintiff contends this sale was void because the price paid was grossly inadequate. After this suit was instituted the City sold this parcel to Union Electric Company; that corporation was permitted to intervene as a defendant and filed an answer and cross-bill in which it sought a decree to the effect that it was the fee simple owner of said land.

W. J. Holdway became the purchaser of the other parcel at the aforementioned tax sale and received a certificate of purchase. However, after the lapse of the period of redemption, this purchaser apparently refused to pay taxes that had subsequently become due and therefore never received a deed to the land.

The Jones-Munger Act, with respect to the sale of property for the collection of delinquent taxes in the City of St. Louis, proved to be unsatisfactory. Therefore, in 1939, the Act was amended by the enactment of eighteen new sections, applicable to said city, which provide for the collection of delinquent taxes by suit. Laws of Missouri, 1939, p. 878, Sections 9952A–1 to 9952A–18, inclusive, see now, as reenacted and amended, Sections 141.820 to 141.970, inclusive (unless otherwise indicated, all statutory references are to RSMo 1949, V.A.M.S.). After this law became effective (May 31, 1939) the collector of the City of St. Louis filed various suits seeking to collect delinquent taxes assessed against the parcel described in count two, which will be hereinafter more fully described and discussed.

 At the outset we must consider the motion of respondent Union Electric Company to dismiss the appeal, which motion this court has heretofore ordered taken with the case. The main ground relied on by said respondent for dismissal is that the transcript filed herein was not agreed to by it, nor was it settled and approved by the trial court. While unnecessary to a decision on this question, it is also alleged and proved by affidavits that the attorney for said respondent was not given a reasonable opportunity to examine said transcript; that many exhibits were not included; and that a number of pages had been inserted therein after the transcript had been prepared by the official reporter and delivered to plaintiff. Section 512.-110, subd. 3 provides, in part, as follows: "If the parties agree that the transcript correctly includes all of the record, proceedings and evidence, it need not be approved by the trial court. * * * If

there is any dispute concerning the correctness of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court." This provision requiring the approval of the trial court in case the parties fail to agree concerning the correctness of the transcript applies to complete, as well as abbreviated, transcripts. It is obvious that it applies to the transcript in this case. Since it clearly appears that the transcript herein was not agreed to by the Union Electric Company, and was not settled or approved by the trial court, it necessarily follows, under the situation here presented, that the appeal must be dismissed insofar as applicable to the respondent, Union Electric Company of Missouri. Brand v. Brand, Mo.Sup., 245 S.W. 2d 94; Gildehaus v. Jones, 356 Mo. 8, 200 S.W.2d 523. We will therefore give no further attention to the issues raised by the first count of plaintiff's petition and the pleadings responsive thereto. The City claims no interest in the land described in that count.

██ The defendant, City of St. Louis, agreed to the transcript and hence we will proceed to determine the questions presented upon this appeal as relate to the second count. The City concedes that plaintiff owns the parcel of land described in that count. The only issue for our determination is the amount of the taxes that had been assessed against said land, were unpaid, and a lien thereon at the time of trial. In her petition plaintiff alleged "that she is still ready, willing and able to pay such general taxes on said property as the court may find properly and legally due thereon." The trial court included in the aggregate amount allowed as a lien all of the taxes the City contended were due and unpaid. We will therefore consider here the various assignments wherein plaintiff asserts the court erred.

We will first consider the taxes for the years 1931 to 1935, inclusive, which apparently totaled $1,129.99. The amount is comparatively large because of the accumula-

tion of interest and penalties over a long period of time. Suit was filed to collect these taxes (as well as taxes for the year 1943) on December 20, 1944. Plaintiff contends that the collection of these taxes was already barred by the statute of limitations before suit was instituted. We are satisfied that the sale of this property at the tax sale in 1937 (and the offer for sale in prior years) tolled the operation of the statute of limitations until the enactment of the aforementioned tax collection law of 1939. Scott v. Unknown Heirs of Solomon Garrison, 361 Mo. 643, 235 S.W.2d 372. Prior to 1939 the applicable statute of limitations was Section 9961, Laws of Missouri, Extra Session 1933–1934, page 154 (see now, as amended and re-enacted, Section 140.160 RSMo 1949, V.A.M.S.), which provided that no sale would be valid "unless initial proceedings therefor shall be commenced within five years after delinquency * * *." However, the 1939 enactment, which we have heretofore mentioned, included Section 9952A–12, Laws of Missouri 1939, p. 883 (see now, as re-enacted and amended, Section 141.890), which provided as follows: "No action for recovery of taxes against real estate shall be commenced, had or maintained, unless action therefor shall be commenced within five years after delinquency, excepting taxes now delinquent, on which suit may be commenced at any time within five years after this act shall take effect, but not thereafter." There can be no question but that the 1931–1935 taxes were delinquent when the above-quoted act took effect, i. e., on May 31, 1939. It is therefore apparent that suit to recover said taxes was required to be commenced on or before May 31, 1944. Since it was not commenced until December 20, 1944, it is clear that the recovery of the taxes for said years was barred by limitation.

■ A judgment for the amount of the taxes due and unpaid for the years 1937 to 1939, inclusive, was rendered on August 18, 1941. It is argued by plaintiff that since this judgment has never been revived, it is no longer a lien on the land. Under many circumstances general judgments cannot be collected (although there are exceptions) after the lapse of 10 years from the date of rendition or revival. Sections 511.370 and 516.350. However, these sections do not apply to this judgment since Section 141.-920, a special statute applicable to tax judgments in the City of St. Louis, provides as follows: "The lien of general tax judgments provided for in sections 141.820 to 141.970 shall be a continuing lien and shall not be barred by lapse of time or limitation, but shall terminate only upon payment as herein provided, or sale under execution." It is obvious from the provisions of this section that we must rule this assignment against plaintiff.

■ Plaintiff next complains that no service was had upon her in the suit filed in December, 1943, to collect taxes for the years 1940 to 1942, inclusive. No case is cited to support her contention that these taxes are no longer a lien. Also, we have searched the transcript and find no evidence to support this assignment. The evidence merely discloses that the suit was filed. Apparently no judgment has been rendered therein. The statute provides that such a suit shall be "against the owner of the property, if known, and if not known, then against the last owner of record as shown by the city records at the time the suit was brought." Section 141.900, subd. 1. The evidence does not indicate whether the plaintiff or some previous owner of record was made defendant in that suit. There is no proof that the defendant was not served with a summons. Under such facts as are shown in this record we hold that the filing of the petition was a commencement of the action and tolled the operation of the statute of limitations. State ex rel. and to Use of Blair v. Producers Gravel Co., 341 Mo. 1106, 111 S.W.2d 521.

■ In a further effort to reduce the amount of the tax lien on said real estate plaintiff has assailed the validity of the judgment rendered for delinquent taxes for the years 1944 to 1946, inclusive. This suit was filed December 30, 1948. It appears that at some undisclosed time thereafter, upon instructions from the collector's

attorney, the sheriff made a non est return upon the summons. Thereafter, upon the affidavit of said attorney, an order of publication was issued and was duly published in November 1949. Judgment was rendered June 29, 1950. Plaintiff contends this judgment was obtained by fraud. She proved that during the pendency of this suit she was employed as a teacher in the St. Louis schools and that her name and address was listed in the telephone directory. She admitted, however, that she was probably not in St. Louis during the summer of 1949.

It occurs to us that there may be a number of reasons why plaintiff cannot prevail in her attack on this judgment, but we need mention only one. We will consider this as an equitable action to set aside the judgment because of alleged fraud in its procurement. It is well settled that a court will not set aside a judgment unless the defendant shall allege and present prima facie proof that he has a meritorious defense to the action. Whitledge v. Anderson Air Activities, Mo.Sup., 276 S.W.2d 114; Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864; Butcher v. White, Mo.App., 267 S.W.2d 701. The plaintiff (in this action) failed to so allege or prove. On the contrary she admits in her brief that she has no defense to said suit, but contends that the judgment should be set aside and an opportunity be given her to pay the taxes without penalty. There is no basis whatever for the latter part of her request. The rendition of judgment does not affect the amount of interest or penalties payable. The only adverse effect of the judgment was the assessment of a small amount of additional costs against plaintiff. We rule this assignment against her.

 Finally, plaintiff complains of the action of the trial court in assessing all of the costs incurred in the circuit court against her. We think the action of the trial court was correct when viewed in the light of the decree in that court which determined all of the contested issues in favor of defendants. However, in view of the fact that our ruling herein will substantially reduce the amount of the collectible tax-

es, we have concluded that fair and equitable principles require that three-fourths of the total costs be assessed against plaintiff and one-fourth thereof against the defendant City of St. Louis. Amitin v. Izard, Mo. App., 262 S.W.2d 353.

The judgment is reversed and the cause remanded with directions to the trial court to modify the decree in accordance with the views expressed in this opinion.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.