**Robert BELLISTRI, Respondents,**

v.

**OCWEN LOAN SERVICING, LLC, Appellant.**

**No. ED 91369.**

Missouri Court of Appeals, Eastern District, Division Five.

March 3, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 2009.

Application for Transfer Denied June 30, 2009.

Blake Hill, Jeffrey Weisman, Co–Counsel, St. Louis, MO, for appellant.

Phillip Gebhardt, Desoto, MO, for respondent.

NANNETTE A. BAKER, Chief Judge.

### Introduction

The appellant, Ocwen Loan Servicing, L.L.C.[1], (Ocwen) appeals from a judgment of the Circuit Court of Jefferson County quieting title to real estate commonly known as 1210 Airglades, Arnold, Missouri, 63010 (the property) in favor of Robert Bellistri. Both parties filed motions for summary judgment, and the circuit court held that Ocwen lacked standing to contest Bellistri's deed. For the following reasons, we affirm.

### Facts

On March 5, 2002, Glen Crouther purchased the property and executed a promissory note and a deed of trust. BNC Mortgage Inc. (BNC) was the lender and payee of the promissory note. In the deed of trust, Millsap, Singer & Dunn, P.C. was the trustee. The deed of trust, however, did not name BNC as the beneficiary, but instead names Mortgage Electronic Registration System (MERS), solely as BNC's nominee. The promissory note does not make any reference to MERS. The note and the deed of trust both require payments to be made to the lender, not MERS.

During 2002, 2003 and 2004, Crouther failed to pay taxes. At the second offering delinquent tax sale, Bellistri, the respondent, purchased the property and was issued a certificate of purchase on August 22, 2005. On May 12, 2006, Bellistri sent BNC a notice of redemption as required under the Jones Munger Act, Section 140.405 RSMo. (2006).

On September 19, 2006, the collector of revenue of Jefferson County, Missouri issued Bellistri a collector's deed. After the issuance of the collector's deed, MERS, as nominee for BNC, assigned the deed of trust to Ocwen on April 4, 2007. The assignment of the deed of trust also contained language that this assignment also transferred any and all notes described in the deed of trust.

Bellistri filed the instant action seeking to quiet title and eject Crouther from the property. Initially, Bellistri named Crouther as a defendant and published notice for all other unknown persons with an interest in the property. Later, Bellistri filed a motion to add Ocwen as a necessary, if not indispensable party. The circuit court granted his motion. Ocwen and Bellistri filed cross motions for summary judgment. The circuit court denied Ocwen's motion and granted summary judgment in favor of Bellistri. Ocwen now appeals.

### Standard of Review

Whether a motion for summary judgment should be granted is a question of law and our review is essentially de

1. Ocwen Loan Servicing, L.L.C. refers to Ocwen Loan Servicing, L.L.C., servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital trust 2002–HE1, as successor in interest to MERS, Inc.

novo. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper where the movant establishes the absence of any genuine issue of material fact and a legal right to judgment. *Id.* at 378. We will review the record in the light most favorable to the party against whom judgment has been entered. Facts set forth by affidavit or otherwise in support are taken as true unless contradicted by the non-moving party's response. *Id.* at 376. We will affirm the trial court's judgment if it is sustainable on any theory. *Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc.*, 239 S.W.3d 631 (Mo.App. E.D.2007).

## Points on Appeal

On appeal, Ocwen argues that the trial court erred in entering summary judgment in favor of Bellistri because (1) Bellistri lost his interest in the property by failing to send MERS any notice pursuant to section 140.405; (2) the notice Bellistri sent to BNC misrepresented the redemption period and was therefore insufficient; (3) summary judgment should have been entered in its favor because Bellistri failed to comply with section 140.405; and (4) Ocwen had standing in this quiet title action because it was the named grantee on the assignment of the deed of trust.

## Discussion

■■■ We will address the issue of standing first, as it is a jurisdictional matter antecedent to the right to relief. *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002). Standing refers to a party's right to seek relief. *Id.* It "requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or actual injury." *Eastern Missouri Laborers Dist. Council v. St. Louis County*, 781 S.W.2d 43, 46 (Mo. banc 1989). Standing requires the party to be sufficiently affected so as to ensure a justiciable controversy. *Shannon v. Hines*, 21 S.W.3d 839, 841 (Mo.App. E.D.1999). Therefore, a party "must have some actual, justiciable interest." *Id.* They must have a recognizable stake. *Wahl v. Braun*, 980 S.W.2d 322 (Mo.App. E.D.1998). Lack of standing cannot be waived and may be considered by the court sua sponte. *Brock v. City of St. Louis*, 724 S.W.2d 721 (Mo.App. E.D.1987). If a party seeking relief lacks standing, the trial court does not have jurisdiction to grant the requested relief. *Shannon*, 21 S.W.3d at 842.

■■■ The Jones Munger Act, RSMo section 140.330, provides that one who acquires a collector's deed may bring an action to quiet title, naming as defendants "all parties who have, or claim to have, or appear of record in the county where such land or lot is situated, to have an interest in, or lien upon such lands or lots." Section 140.330. Here, Ocwen appears of record to have an interest in the property because it is the named grantee on the assignment of the deed of trust.

■■■ While this section allows broad joinder of defendants, a named defendant will not prevail unless the defendant has at least some interest in the property. *Scott v. Unknown Heirs of Solomon Garrison*, 361 Mo. 643, 235 S.W.2d 372, 374 (1951). In *Scott*, the plaintiff claimed title by virtue of a tax deed. The plaintiff brought an action to quiet her title, and the defendant claimed he was the owner of the property. The defendant, however, failed to produce a recorded title. The defendant also never had possession and paid no taxes on the property. He claimed he lost the deed, but had assumed a contract to purchase the property. The trial court found that the defendant had no right, title or interest to the property. On appeal, the defendant

argued that the tax deed was void because the tax sale was so grossly inadequate as to amount to fraud. While the court agreed that the amount paid was so grossly inadequate as to be constructive fraud, they found that the defendant "did not have such an interest or claim of right to the property in question to challenge the sufficiency of the plaintiff's deed." *Id.*

Essentially, the *Scott* court found that the defendant lacked standing to invalidate the tax deed. The defendant lacked a legally cognizable interest in the property, and therefore he could not challenge the issuance of a collector's deed.

■ The same is true in the instant case. While Ocwen is the recorded grantee on the assignment of the deed of trust, it has no legally cognizable interest. Lacking such an interest, Ocwen is not entitled to the relief it seeks, namely, to dismiss Bellistri's petition and declare that the plaintiff has lost all interest in the real estate. Essentially, Ocwen is asking the court to quiet title in Crouther's name.

To seek this relief from the court, Ocwen must at least have an "interest" in the property. *Scott*, 235 S.W.2d at 374; *Thurmon v. Ludy*, 914 S.W.2d 32, 34 (Mo. App. E.D.1995) On the assignment of the deed of trust, Ocwen is listed as the grantee, as servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital trust, 2002–HE1, Mortgage Pass–Through Certificates, Series 2002–HE1 (Deutsche Bank). We must turn to the law of mortgages to understand Ocwen's interest.

Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secures payment on the note by giving the lender the ability to foreclose on the property. Typically, the same person holds both the note and the deed of trust.

In the event that the note and the deed of trust are split, the note, as a practical matter becomes unsecured. Restatement (Third) of Property (Mortgages) § 5.4. Comment. The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. *Id.* Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. *Id.* The mortgage loan became ineffectual when the note holder did not also hold the deed of trust.

■ When the holder of the promissory note assigns or transfers the note, the deed of trust is also transferred. *George v. Surkamp*, 336 Mo. 1, 76 S.W.2d 368, 371 (1934). An assignment of the deed of trust separate from the note has no "force." *Id.* Effectively, the note and the deed of trust are inseparable, and when the promissory note is transferred, it vests in the transferee "all the interest, rights, powers and security conferred by the deed of trust upon the beneficiary therein and the payee in the notes." *St. Louis Mut. Life Ins. Co. v. Walter*, 329 Mo. 715, 46 S.W.2d 166, 170 (1931).

■ When it assigned the deed of trust, MERS attempted to transfer to Ocwen the deed of trust "together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due." The record reflects that BNC was the holder of the promissory note. There is no evidence in the record or the pleadings that MERS held the promissory note or that BNC

gave MERS the authority to transfer the promissory note. MERS could not transfer the promissory note; therefore the language in the assignment of the deed of trust purporting to transfer the promissory note is ineffective. *Black v. Adrian,* 80 S.W.3d 909, 914–15 (Mo.App. S.D.2002) ("[A]ssignee of a deed of trust or a promissory note is vested with all interests, rights and powers possessed by the assignor in the mortgaged property"). MERS never held the promissory note, thus its assignment of the deed of trust to Ocwen separate from the note had no force. See *George,* 76 S.W.2d at 371. *St. Louis Mut. Life Ins. Co.,* 46 S.W.2d at 170.

As Ocwen holds neither the promissory note, nor the deed of trust, Ocwen lacks a legally cognizable interest and lacks standing to seek relief from the trial court. See *Scott,* 235 S.W.2d at 374. The trial court was without jurisdiction to grant Ocwen its requested relief, and did not err in granting summary judgment in Bellistri's favor.

### Conclusion

Ocwen lacked a legally cognizable interest in the property, and therefore, it has no standing to seek relief. We hereby affirm the judgment of the circuit court of Jefferson County.

GLENN A. NORTON, J., and KENNETH M. ROMINES, J., concur.

---

1. Judge Dandurand was a member of this court at the time the case was submitted, but