

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| DUSTIN M. BRAY, ET AL. | ) | No. ED110570 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | |
| WELLS FARGO HOME MORTGAGE, INC., | ) | Honorable Joan L. Moriarty |
| | ) | |
| and | ) | |
| | ) | |
| ENVOY MORTAGE, LP, ET AL. | ) | |
| | ) | |
| Respondents. | ) | FILED: October 18, 2022 |

## Introduction

Dustin M. Bray ("Bray") appeals from the circuit court's grant of summary judgment in favor of Wells Fargo Home Mortgage, Inc. ("Wells Fargo") on Bray's claims of fraud and outrage and on Wells Fargo's counterclaim seeking a declaration that its Deed of Trust establishes a superior interest in the subject property (the "Property"). Bray raises four points on appeal. Point One argues there exists a genuine dispute of material fact precluding summary judgment in that Bray submitted evidence showing Wells Fargo knew of Bray's claimed interest in the Property prior to acquiring the Deed of Trust. Point Two contends the circuit court erred in finding Bray was bound by a prior adjudication concerning the Property to which he was not a party. Point Three asserts the circuit court erred in dismissing Envoy Mortgage, LP ("Envoy")

from Bray's claim to quiet title in the Property because Envoy did not seek an order of dismissal. Point Four maintains the circuit court erred in dismissing Envoy because the circuit court lacked authority to dismiss Envoy over Bray's objection.

Because Bray did not submit competent evidence demonstrating a genuine dispute of material fact precluding summary judgment on Wells Fargo's counterclaim, we deny Point One. Because Point One concludes the record entitled Wells Fargo to summary judgment independent of whether Bray was bound by a prior adjudication through privity with another party, we deny Point Two. Because Envoy's disclaimer of any interest in the Property rendered Bray's quiet-title claim against Envoy moot, the circuit court did not err in dismissing the claim, and we deny Points Three and Four. We affirm the judgment of the circuit court.

Factual and Procedural History

This appeal stems from multi-party, multi-property litigation originating in 2010. In this action, the circuit court consolidated various pending cases involving overlapping plaintiffs, defendants, and properties. In their Third Amended Petition, Bray and other plaintiffs brought fifteen claims against multiple defendants, alleging damages arising out of fraudulent real estate transactions occurring in 2008 in which Amanda and Ryan Sullivan (the "Sullivans") and their incorporated entity, Banccommercial, LLC ("Banccommercial"), purportedly assigned their rights to purchase the Property to Bray's stepmother and co-plaintiff, Kimberly J. Sexton in the name of her trust. The present appeal concerns only the Property and the interests therein of Bray, Wells Fargo, and Envoy.

Relevant to this appeal, Bray alleged claims for unjust enrichment ("Count VII–Unjust Enrichment"), a declaratory judgment to quiet title ("Count VIII–Quiet Title"), negligence ("Count XI–Negligence"), fraud ("Count XIV–Fraud"), and outrage ("Count XV–Outrage") against Wells Fargo with respect to the Property. Bray also brought claims of Unjust Enrichment

2

and Quiet Title against Envoy in Counts VII and VIII. In response, Wells Fargo raised affirmative defenses and seven counterclaims, including a claim seeking a declaratory judgment as to the rights, titles, and interests of the parties as to the Property ("Counterclaim"). Wells Fargo alleged its Note and Deed of Trust established a valid and enforceable first priority lien showing its superior interest in the Property.

Wells Fargo moved for partial summary judgment on Count XIV–Fraud, Count XV–Outrage, and its Counterclaim. Bray and Envoy cross-moved for summary judgment on Count VIII–Quiet Title.

In June 2019, the circuit court entered an order granting partial dismissal of various counts and parties from the Third Amended Petition. The circuit court dismissed Counts II, III, VI, VII–Unjust Enrichment, and VIII–Quiet Title of Bray's Third Amended Petition as to other defendants on the grounds of res judicata and collateral estoppel ("2019 Dismissal Order"). Following Wells Fargo's motion to dismiss, the circuit court dismissed Count VII–Unjust Enrichment for failure to state a claim upon which relief may be granted in October 2020 and dismissed Counts V and XI–Negligence in December 2020 ("2020 Dismissal Orders"). Bray has not appealed from the dismissal orders.

During litigation, Envoy disclaimed all interest in the property, affirmatively alleging that it had no interest in the Property on behalf of itself, its subsidiaries, or its affiliates. Subsequently, the circuit court dismissed Count VII–Unjust Enrichment as to Envoy in April 2020. In his motion for summary judgment on Count VIII–Quiet Title, Bray alleged a superior interest in the Property to Envoy. Envoy responded that it was not a proper party to Bray's Count VIII–Quiet Title and was entitled to dismissal because it was rendered moot by Envoy's disclaimer of interest.

3

On October 27, 2021 the circuit court issued its order granting partial summary judgment to Wells Fargo on Count XIV–Fraud, Count XV–Outrage, and the Counterclaim, and dismissing Count VIII–Quiet Title as to Envoy. The circuit court certified the order as a final judgment (the "Judgment") for the purpose of appeal. In the Judgment, the circuit court first dismissed Count VIII–Quiet Title against Envoy, finding it uncontroverted that Envoy was not claiming any interest in the Property and therefore was not a proper party in an action to quiet title. The circuit court then reviewed the remaining claims between Bray and Wells Fargo. The circuit court ruled that Wells Fargo was entitled to summary judgment on Count XIV–Fraud and Count XV–Outrage because the claims failed as a matter of law. Bray does not challenge the grant of summary judgment for Wells Fargo on Counts XIV and XV in his appeal. Regarding the Counterclaim, the circuit court found in favor of Wells Fargo, holding Wells Fargo's Note and Deed of Trust established an interest in the Property superior to any ownership interest claimed by Bray. Bray now appeals.

<u>Jurisdiction</u>

Before considering the merits of an appeal, we have a duty to determine sua sponte whether we have jurisdiction to hear the appeal. <u>Wilson v. City of St. Louis</u>, 600 S.W.3d 763, 765 (Mo. banc 2020) (citing <u>First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.</u>, 515 S.W.3d 219, 221 (Mo. banc 2017)). "An appeal only lies from a final judgment resolving all issues in the case." <u>Eclipse Prop. Dev. LLC v. Ammari</u>, 635 S.W.3d 205, 211 (Mo. App. E.D. 2021) (citing <u>First Nat'l Bank</u>, 515 S.W.3d at 221). "However, Rule 74.01(b)[1] authorizes a circuit court to enter judgment on fewer than all claims and certify that judgment as

---

[1] All Rule references are to Mo. R. Civ. P. (2022).

a 'final judgment' for purposes of appeal where there is no just reason for delay." Id. (citing

First Nat'l Bank, 515 S.W.3d at 221–22).

> For purposes of [S]ection 512.020(5),[2] a "final judgment" must satisfy two criteria: (1) "it must be a judgment (i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim)"; **and** (2) "it must be 'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)."

Cass Cnty. v. City of Lee's Summit, 638 S.W.3d 560, 565 (Mo. App. W.D. 2021) (quoting

McConnell v. West Bend Mut. Ins. Co., 606 S.W.3d 181, 187 (Mo. App. W.D. 2020)).

The circuit court certified the Judgment as final for purposes of appeal under Rule 74.01(b). The parties on appeal address the propriety of that certification. In determining whether certification was proper, we consider the substance and effect of the order and whether it "disposes of a 'judicial unit' of claims, meaning it: (a) disposes of all claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court." Id. (quoting McConnell, 606 S.W.3d at 187 (quoting Wilson, 600 S.W.3d at 771)). Even if an interlocutory judgment resolves a distinct judicial unit and there is no just reason for delay, a circuit court should not exercise its discretion to certify the judgment for appeal "if resolution of the remaining claims by the circuit court could affect or even moot appellate review of the claims already resolved" or if the resolved and unresolved claims are so intertwined that "an appellate ruling on the partial judgment could affect the rights of someone who is not party to that judgment (and, therefore, not a party to the appeal) but who remains a party to the unresolved claims still pending in the circuit court." Wilson, 600 S.W.3d at 772 (internal citation omitted).

---

[2] All Section references are to RSMo (2016), unless otherwise indicated.

Here, the circuit court granted summary judgment in favor of Wells Fargo on Bray's Count XIV–Fraud and Count XV–Outrage as well as on Wells Fargo's Counterclaim for a declaratory judgment quieting title in the Property. Except for Count VIII–Quiet Title, all claims between Bray and Wells Fargo and concerning the Property were dismissed in the 2019 and 2020 Dismissal Orders or voluntarily dismissed by Wells Fargo in February 2022. To the extent that the circuit court may have mischaracterized Count VIII–Quiet Title as having been dismissed as to Wells Fargo in a prior order, the claim was implicitly resolved by the Judgment, which declared Wells Fargo had an interest in the Property superior to Bray and also ruled that Bray failed to establish that he had a better title than any of the other named defendants in Count VIII, thereby fully resolving all claims between the two parties. See Reynolds v. Berger, 649 S.W.3d 322, 328 (Mo. App. E.D. 2022) (quoting Jefferson v. Am. Fin. Grp., Inc., 163 S.W.3d 485, 487–88 n.2 (Mo. App. E.D. 2005)) ("If a judgment, by implication, necessarily carries with it a finding upon other counts, the judgment will be sustained as final even though the count is not specifically mentioned."); Bellinger v. Lindsey, 480 S.W.3d 345, 348 (Mo. App. E.D. 2015) (internal citation omitted) (noting "we can characterize a judgment as final where a decision on one claim implicitly disposes of the other claim"). The Judgment further dismissed Count VIII–Quiet Title against Envoy. Because the circuit court dismissed Count VII–Unjust Enrichment against Envoy in a prior order in April 2020, no claims remain pending between Bray and Envoy. Therefore, while some of the claims in Bray's fifteen-count Third Amended Petition remain pending as to *other parties and unrelated to the Property*, the Judgment resolved all claims between Bray, Wells Fargo, and Envoy and all claims concerning the parties' rights and interests in the Property. The Judgment thus satisfies the final-judgment criteria by fully resolving a distinct judicial unit and establishing the rights and liabilities of the parties with

6

respect to that claim. See Cass Cnty., 638 S.W.3d at 565 (quoting McConnell, 606 S.W.3d at 187). Because the Judgment disposes of all claims involving Bray, Wells Fargo, and Envoy as to the Property, and because the remaining claims between Bray and other defendants are not inextricably intertwined nor rendered moot, the circuit court properly certified the Judgment for immediate appeal pursuant to Rule 74.01(b). See id.

## Points on Appeal

Bray raises four points on appeal. Point One challenges the circuit court's entry of summary judgment on Wells Fargo's Counterclaim. Bray contends the record contains genuine issues of material fact because Bray submitted evidence that Wells Fargo had knowledge of Bray's claimed ownership interest in the Property prior to Wells Fargo's acquiring the Deed of Trust. Point Two maintains the circuit court erred in granting summary judgment on Wells Fargo's Counterclaim because the Judgment erroneously determined the claim was resolved in a prior adjudication under principles of res judicata. Bray argues that because his interest in the Property was not adequately represented in that prior adjudication, he is not precluded from asserting said interest in the current action. Point Three asserts the circuit court erred in dismissing Envoy from Count VIII–Quiet Title because Envoy did not specifically seek an order of dismissal. Point Four contends the circuit court erred in dismissing Envoy from Count VIII–Quiet Title because the circuit court lacked authority to dismiss Envoy over Bray's objection.

## Standard of Review

We review a circuit court's grant of summary judgment de novo. Green v. Fotoohighiam, 606 S.W.3d 113, 115 (Mo. banc 2020) (quoting Goerlitz v. City of Maryville, 333 S.W.3d 450, 452 (Mo. banc 2011)). "The [circuit] court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law[.]" Cass Cnty., 638 S.W.3d at 566 (quoting S.M.H. v. Schmitt, 618 S.W.3d 531, 533–34 (Mo. banc 2021) (quoting Goerlitz,

7

333 S.W.3d at 452)).  In de novo review, "[w]e apply 'the same criteria as the [circuit] court in determining whether summary judgment was proper.'"  Id. (quoting S.M.H., 618 S.W.3d at 534 (quoting Goerlitz, 333 S.W.3d at 452)).

Rule 74.04 governs the standard for summary judgment and requires the movant establish that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]"  Rule 74.04(c)(6); Cass Cnty., 638 S.W.3d at 566 (quoting S.M.H., 618 S.W.3d at 534).  "A material fact in the context of summary judgment is one from which the right to judgment flows."  Green, 606 S.W.3d at 115 (quoting Goerlitz, 333 S.W.3d at 453).  "A genuine issue exists when the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts."  Jerseyville Mall, L.L.C. v. Shop 'N Save Warehouse Foods, Inc., 633 S.W.3d 523, 525 (Mo. App. E.D. 2021) (citing ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 382 (Mo. banc 1993)).  "'Genuine' implies that the issue, or dispute, must be a real and substantial one—one consisting not merely of conjecture, theory and possibilities."  ITT Com. Fin. Corp., 854 S.W.2d at 378.

We review the summary-judgment record "in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record."  Green, 606 S.W.3d at 116 (quoting Goerlitz, 333 S.W.3d at 453).  "However, facts contained in affidavits or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion."  Id. (quoting Goerlitz, 333 S.W.3d at 452–53).  Specifically, "the non-movant must support denials with specific references to discovery, exhibits, or affidavits demonstrating a genuine factual issue for trial."  Id. (quoting Cent. Tr. & Inv. Co. v. Signalpoint Asset Mgmt., LLC, 422 S.W.3d 312, 320 (Mo. banc 2014) (citing Rule 74.04(c)(2), (c)(4))).  "We will affirm

8

the trial court's summary judgment on any ground supported by the record, whether relied upon by the trial court or not." Cass Cnty., 638 S.W.3d at 566 (internal quotation omitted).

Discussion

## I.      Points One and Two—Entry of Summary Judgment was Proper

Bray's challenge to the circuit court's entry of summary judgment is premised upon his claim that the circuit court failed to consider three exhibits he produced as summary-judgment evidence. Bray argues that these exhibits presented a genuine issue of material fact precluding summary judgment with regard to Wells Fargo's claims of having a superior interest in the Property. Wells Fargo counters that the circuit court could not consider the proffered evidence upon which Bray relies because he did not properly introduce the exhibits into the summary-judgment record under Rule 74.04(e).

As previously noted, a non-movant demonstrates a genuine issue of material fact by denying the facts from which the right to summary judgment flows. Green, 606 S.W.3d at 115 115 (quoting Goerlitz, 333 S.W.3d at 453). However, critical to our resolution of this point, those denials must be supported by specific references to discovery, exhibits, or affidavits. Id. (quoting Cent. Tr., 422 S.W.3d at 320 (citing Rule 74.04(c)(2), (c)(4))). While a court considers affidavits submitted both in support and against summary judgment, Rule 74.04(e) "requires the affidavits to be made on personal knowledge and set forth facts that would be admissible in evidence." Cent. Tr., 422 S.W.3d at 320 (quoting Goerlitz, 333 S.W.3d at 453). As provided by rule, "[s]upporting and opposing affidavits ***shall be made on personal knowledge***, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 74.04(e) (emphasis added). Further, "[f]acts not properly supported under Rule 74.04(c)(2) or (c)(4) are deemed admitted." Cent. Tr. 422 S.W.3d at 320.

9

Here, Bray submitted three exhibits for the summary-judgment record to demonstrate a genuine issue of fact for trial: (1) a purported seller's acceptance and purchase agreement dated November 10, 2008, in which Wells Fargo agreed to sell the Property to Bray (the "Purchase Agreement"); (2) an unrecorded Warranty Deed dated November 14, 2008, in which Banccommercial purportedly conveyed its interest in the Property to Bray (the "Banccommercial Deed"); and (3) an affidavit from Bray attesting that he mailed a copy of the Purchase Agreement and the Banccommercial Deed to an employee of a department of Wells Fargo known as Premier Asset Services ("PAS") in November 2008 (the "Affidavit"). Bray submitted the Affidavit as foundation for the purported Purchase Agreement and the Banccommercial Deed. Bray argues the exhibits, when taken together, demonstrate that Wells Fargo knew Bray had an interest in the Property before Wells Fargo accepted assignment of the Deed of Trust four years later in 2012. Bray reasons that evidence of Wells Fargo's knowledge of Bray's interest in the Property precluded the circuit court from declaring that the Deed of Trust established an interest in the Property superior to Bray's.

We first consider Wells Fargo's argument that the exhibits were not properly introduced into the summary-judgment record for the circuit court's consideration. See Fleddermann v. Casino One Corp., 579 S.W.3d 244, 248 (Mo. App. E.D. 2019) (internal citation omitted) (noting "in order for this Court to review summary judgment, we must scrutinize the facts that were established pursuant to Rule 74.04"). An affidavit that fails to show a basis for personal knowledge does not comply with Rule 74.04(e) and cannot be relied on to establish a genuine issue of material fact. U.S. Bank, N.A. v. Molk, 618 S.W.3d 652, 660 (Mo. App. E.D. 2021) (internal quotation omitted). Although Bray attests in his Affidavit that he has firsthand knowledge of the facts therein, the contents of the Affidavit do not support this averment and, in

fact, proves just the opposite. Specifically, in support of his claim that Wells Fargo had knowledge of his alleged ownership interest through his communications with an employee at PAS, Bray attests he discovered through "a Google search" that Wells Fargo does business as PAS, and he attached an accompanying printout of a webpage. Bray's averment fails to satisfy the authentication requirements of Rule 74.04(e) — which required Bray to set forth facts "as would be admissible in evidence" with "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit[.]" See Rule 74.04(e); Cent. Tr., 422 S.W.3d at 320 (quoting Goerlitz, 333 S.W.3d at 453). Moreover, the Affidavit sets forth numerous factual paragraphs containing statements regarding what Bray was told by others, particularly statements attributed to an individual Bray identified as an employee of PAS. See United Petroleum Serv., Inc. v. Piatchek, 218 S.W.3d 477, 481 (Mo. App. E.D. 2007) (internal citations omitted) (noting out-of-court statements of another person used to prove the truth of the matter asserted constitute inadmissible hearsay that "cannot be considered in ruling on the propriety of summary judgment"). "While an affidavit need not contain a particular 'magic phrase' in order to establish that it is made on personal knowledge, the averments should still demonstrate that the affiant has personal knowledge of the matters contained in the affidavit." U.S. Bank, N.A., 618 S.W.3d at 660 (internal quotation omitted). Where an affidavit relates information gained via hearsay rather than facts that would be admissible in evidence, the affidavit is insufficient to support a motion for summary judgment. Id. (internal quotation omitted). Because the Affidavit lacks a sufficient basis for the affiant's personal knowledge of all the facts contained therein, including the bases for the other exhibits, the alleged material facts precluding summary judgment were not supported in the record pursuant to Rule 74.04(e) and did not serve as proper denials under Rule 74.04(c). See id.

11

Further, we also note that the transfer of the Note and Deed of Trust from Envoy to Wells Fargo in 2012 is uncontroverted in the record. Wells Fargo pleaded the following in Paragraph No. 15 of its Counterclaim:

> On October 4, 2012, Wells Fargo purchased the Note and Deed of Trust from Envoy Mortgage, Ltd. and an Assignment of Mortgage was executed and delivered to Wells Fargo that same day, said Assignment being recorded on October 5, 2012 in Book 10052012, Page 0172 of the land records of the City of St. Louis, Missouri (the "Assignment").

Bray admitted the allegations in Wells Fargo's Counterclaim Paragraph No. 15 in his answer. Notwithstanding that admission, Bray later denied Paragraph No. 6 of Wells Fargo's Uncontroverted Statement of Facts, which similarly stated: "Wells Fargo has an interest in the Property pursuant to a promissory note and the associated [D]eed of [T]rust by way of an Assignment of Mortgage dated October 4, 2012 and recorded on October 5, 2012 in Book 10052012, Page 0172 of the land records of the City of St. Louis, Missouri." Despite admitting in his pleadings that Wells Fargo purchased the Note and Deed of Trust from Envoy in 2012, Bray disputed it for the first time on summary judgment. "It is well settled that this Court will not permit a party to: (1) take a position on a matter that is directly contrary to, or inconsistent with, one previously assumed; or (2) complain on appeal about an alleged error in which he joined, acquiesced or invited by his conduct at trial." Boswell v. O'Neil, 643 S.W.3d 655, 663 (Mo. App. S.D. 2022) (internal quotation omitted). When granting summary judgment to Wells Fargo on the Counterclaim, the circuit court held Bray to his admission regarding the Deed of Trust. See id. We are persuaded the circuit court properly concluded that the validity of Wells Fargo's Deed of Trust was uncontroverted on several grounds, given Bray's initial admission and his failure to support his subsequent denial with specific references to discovery, exhibits, or affidavits showing competent evidence of an alternative account of the essential facts. See

12

Green, 606 S.W.3d at 116 (quoting Cent. Tr., 422 S.W.3d at 320 (citing Rule 74.04(c)(2), (c)(4))); Jerseyville Mall, 633 S.W.3d at 525 (citing ITT Com. Fin. Corp., 854 S.W.2d at 382).

Simply put, Bray adduced no competent materials in the summary-judgment record evidencing a dispute on the essential facts concerning the existence or validity of the Deed of Trust, thereby entitling Wells Fargo to judgment as a matter of law on its Counterclaim.[3] See Rule 74.04(c)(6); Green, 606 S.W.3d at 115 (internal quotation omitted); Jerseyville Mall, 633 S.W.3d at 525 (citing ITT Com. Fin. Corp., 854 S.W.2d at 382). Accordingly, we hold the circuit court did not err in granting summary judgment to Wells Fargo. See Green, 606 S.W.3d at 115 (quoting Goerlitz, 333 S.W.3d at 452). Point One is denied.

Additionally, Point One is dispositive of the issue raised in Point Two. A 2015 judgment established that the Deed of Trust gave Wells Fargo a first priority lien on the Property superior to the interest claimed by Bray's stepmother. On appeal, Bray maintains the circuit court erred in finding he was in sufficient privity with his stepmother to be bound by that prior adjudication of Wells Fargo's superior property interest. However, Bray's argument, even if preserved for appeal, is unavailing given our holding in Point One. Irrespective of any prior adjudication, Bray admitted the essential facts of the Deed of Trust pursuant to Rule 74.04(c) and did not establish any genuine dispute of material fact that would otherwise preclude the grant of summary judgment on Wells Fargo's Counterclaim. See Rule 74.04(c)(2), (c)(4), (c)(6); Green, 606 S.W.3d at 115–16 (quoting Goerlitz, 333 S.W.3d at 452–53). Point Two is denied.

---

[3] We note that Wells Fargo suggests additional grounds on which summary judgment was properly granted, such as prior adjudications concerning its and Bray's rights and interests in the Property. Notably, Wells Fargo submitted the judicial records of those prior adjudications to the summary-judgment record, and Bray denied their relevance but admitted the case files speak for themselves. We need not address the prior adjudications here to resolve the matters on appeal.

13

**II.    Points Three and Four—Claims Against Envoy were Properly Dismissed**

In Points Three and Four, Bray challenges the circuit court's dismissal of Count VIII–Quiet Title against Envoy.  Specifically, Bray contends the circuit court erred because Envoy did not seek an order of dismissal in response to Bray's motion for summary judgment and because the circuit court could not dismiss Envoy over Bray's objection.  Because both points address the trial court's authority to dismiss Count VIII–Quiet Title against Envoy, we review them together.

A claim to quiet title is "a special statutory action to adjudge the respective estates, titles and interests of several claimants to land[.]"  Williams v. HSBC Bank USA, N.A., 467 S.W.3d 836, 840 (Mo. App. S.D. 2015) (internal quotation omitted).  When declaratory relief to quiet title is sought, "all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]"  Bauer v. Bd. of Election Com'rs, 198 S.W.3d 161, 164 (Mo. App. E.D. 2006) (internal quotation omitted).  A named defendant in a quiet-title action cannot prevail "unless the defendant has at least some interest in the property."  Bellistri v. Ocwen Loan Serv., LLC, 284 S.W.3d 619, 622 (Mo. App. E.D. 2009) (internal citation omitted).  "A quiet title action is not designed to adjudicate the plaintiff's title as superior to the whole world, but only as compared to the other parties[.]"  Kroner Invs., LLC v. Dann, 583 S.W.3d 126, 129 (Mo. App. E.D. 2019) (citing Ollison v. Vill. of Climax Springs, 916 S.W.2d 198, 203 (Mo. banc 1996)).

Here, Envoy disclaimed all interest in the Property, affirmatively alleging that it had no interest on behalf of itself or its subsidiaries and affiliates.  Because Envoy had no interest in the Property to be affected by Bray's sought-for declaration to quiet title, Envoy was entitled to dismissal.  See id. (internal citation omitted); Bellistri, 284 S.W.3d at 622 (internal citation omitted); Bauer, 198 S.W.3d at 164 (internal quotation omitted).

14

Both on summary judgment and on appeal, Envoy asserts that Bray's Count VIII–Quiet Title against it became moot and non-justiciable following its disclaimer of interest. We agree. "[M]ootness implicates the justiciability of a controversy[.]" D.C.M. v. Pemiscot Cnty. Juv. Off., 578 S.W.3d 776, 780 (Mo. banc 2019) (internal quotation omitted). Missouri courts recognize that "[j]usticiability is a 'prudential' rather than a jurisdictional doctrine and, prior to addressing the substantive issues [of a case], [a court] must determine whether a case meets the requirements for a justiciable controversy." Missouri State Conf. of NAACP. v. State, 633 S.W.3d 843, 847 (Mo. App. W.D. 2021) (quoting Bray v. Lee, 620 S.W.3d 278, 281–82 (Mo. App. E.D. 2021)) (alterations in original). "A justiciable controversy exists where (1) the plaintiff has a legally protectable interest, (2) a substantial controversy exists between genuinely adverse parties, and (3) that controversy is ripe for judicial determination." Id. (quoting Bray, 620 S.W.3d at 282). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." Id. (quoting D.C.M., 578 S.W.3d at 780). This justiciability question is not limited to appellate courts, nor does it depend on the position taken by the parties. Rather, "[a] trial court properly dismisses a cause of action as moot 'when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.'" State ex rel. Missouri Coal. Env't v. Joint Comm. on Admin. Rules, 519 S.W.3d 805, 810 (Mo. banc 2017) (internal quotation omitted). Here, Envoy's disclaimer of interest in the Property rendered any declaration of interest in the Property against it moot and non-justiciable. See id. Accordingly, the circuit court did not err in dismissing Count VIII–Quiet Title against Envoy. See Cass Cnty., 638 S.W.3d at 566 (internal

15

quotation omitted) (noting we may affirm the circuit court's ruling on summary judgment on any ground supported by the record).  Points Three and Four are denied.

Conclusion

The judgment of the circuit court is affirmed.

_____
KURT S. ODENWALD, Judge

Lisa P. Page, P.J., concurs.
Thomas C. Clark II, J., concurs.